174 F.3d 1024
 99 Cal. Daily Op. Serv. 2810, 1999 Daily
Journal D.A.R. 3645
UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel BARRAGAN-MENDOZA, aka Gabriel Barragan-Barragan aka
Gabriel Barragan, Defendant-Appellant.
 No. 97-30264.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 5, 1998.
Decided April 19, 1999.
 
 Michael Donahoe, Assistant Federal Defender, Federal Defenders of Montana, Helena, Montana, for the defendant-appellant.
 Bernard F. Hubley, Assistant United States Attorney, Helena, Montana, for the plaintiff-appellee.
 Appeal from the United States District Court for the District of Montana Donald W. Molloy, District Judge, Presiding. D.C. No. CR-96-00068-DWM.
 Before: SKOPIL, REINHARDT and GRABER, Circuit Judges.
 SKOPIL, Circuit Judge:
 
 I. Overview
 
 1
 Gabriel Barragan-Mendoza (Barragan) pleaded guilty to unlawful possession with intent to distribute cocaine and unlawful distribution of cocaine and was sentenced. After the government filed a motion to reconsider that sentence, the district court held an evidentiary hearing and entered an amended judgment increasing Barragan's sentence. Barragan contends on appeal that the district court was without jurisdiction to amend his sentence because the court failed to act within the seven-day time period afforded by Fed.R.Crim.P. 35(c) for correcting an erroneous sentence. We agree. Accordingly, the amended sentence is vacated, and the cause is remanded to the district court for imposition of the original sentence.
 
 II. Background
 
 2
 Following his guilty plea, Barragan was sentenced on May 29, 1997 to a term of twenty-seven months. This sentence represented a substantial downward departure from the sixty-month minimum sentence mandated by 21 U.S.C. § 841(B). The court premised this downward departure on U.S.S.G. § 5K2.13, which it believed provided authority to depart from the statutory minimum because of Barragan's "diminished mental capacity."
 
 
 3
 On June 3, 1997, five days after sentencing, the government filed a "Motion to Reconsider Sentence" with the district court, contending that the court did not have authority to reduce Barragan's sentence under § 5K2.13 for diminished mental capacity. The court held a hearing on the motion to reconsider on July 31, 1997, two months after Barragan was sentenced. At this hearing, the court conceded that it had made a mistake, but expressed concern over whether it still had authority to correct the error under Rule 35(c), because far more than seven days had passed since the original imposition of sentence. Attorneys for both sides assured the court that, because the motion for reconsideration was filed within seven days, the court retained authority to consider the motion. After an evidentiary hearing, the court ruled that there was no basis for departure and sentenced Barragan to sixty months of incarceration. This amended judgment was entered on August 1, 1997.
 
 
 4
 That evening, Barragan's attorney faxed the court a letter dated July 31, 1997, claiming that, upon reflection, he now was of the opinion that the court did not have jurisdiction to reconsider Barragan's sentence under Rule 35(c). On August 6, 1997, Barragan filed his own Rule 35(c) motion to correct his amended sentence, arguing that the court had acted without jurisdiction. The court took no action on this motion, and Barragan filed his notice of appeal on August 18, 1997.
 
 III. Discussion
 A. Appellate Jurisdiction
 
 5
 Initially, we must resolve our own jurisdiction to decide this appeal. The government contends that we do not have jurisdiction to decide Barragan's appeal because his notice of appeal was untimely. We disagree.
 
 
 6
 Under Fed. R.App. P. 4(b), a defendant generally has ten days after the entry of judgment within which to file a notice of appeal. Compliance with this requirement is jurisdictional, and this court cannot decide appeals that do not meet Rule 4(b)'s requirements. See United States v. Eccles, 850 F.2d 1357, 1363 (9th Cir.1988). It is undisputed that Barragan filed his notice of appeal more than ten days after the district court entered its amended judgment. Normally, this fact would deprive us of jurisdiction to decide Barragan's appeal. Here, however, Barragan filed a timely Rule 35(c) motion to correct his sentence. Rule 35(c) provides that a district court, "acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(c). Barragan contends that his ten-day window for appeal under Rule 4(b) did not open until the expiration of the seven-day period. We have not previously decided whether a Rule 35(c) motion extends the time to file a notice of appeal of the underlying sentence. We now conclude that it does.
 
 
 7
 Rule 4(b) lists motions that delay the running of the 10-day filing period. A Rule 35(c) motion is not on that list. Nevertheless, the Supreme Court has long held that a timely motion for rehearing or reconsideration of an order in a criminal case delays the running of the 10-day filing period. See United States v. Dieter, 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976); United States v. Healy, 376 U.S. 75, 77-78, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964). In United States v. Ibarra, 502 U.S. 1, 4-7, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991), the Supreme Court applied that long-standing principle to a motion for rehearing, even though Rule 4(b) did not list that motion as one that delays the running of the 10-day filing period. We hold that this principle applies equally to a Rule 35(c) motion. See, e.g., United States v. Morillo, 8 F.3d 864, 868-69 (1st Cir.1993) ("[W]hen ... a party to a criminal case files a timely motion under Fed.R.Crim.P. 35(c), asking the sentencing court to reconsider an issue in the case in a way that will, if successful, bring about an alteration of the defendant's substantive rights, then the filing of that motion renders the judgment nonfinal for purposes of appeal.").
 
 
 8
 The dissent's contention that "the plain wording of Rule 4(b) says that a Rule 35(c) motion does not delay the running of the 10-day filing requirement for a defendant's notice of appeal" is not supported by a reading of that rule. Rule 4(b)(5) merely clarifies that the filing of a notice of appeal during the period within which the district court can act to correct a sentence under Rule 35(c) neither renders that notice invalid nor deprives the district court of its authority to correct the sentence. That provision does not, as the dissent claims, presume that notices of appeal will always be filed within this time period; rather, it clarifies how such filings, when made, affect the proceedings. In fact, language clarifying the effect of Rule 35(c) motions on the time period for filing a notice of appeal could very easily have been included within Rule 4(b)(5). Its absence--and the rule's resultant silence on this issue--undermines the dissent's characterization of the rule as providing a "clear mandate" and justifies the application of the Ibarra rule in this context.[1]
 
 
 9
 The government argues that, even if Rule 35(c) generally extends the time to file an appeal, Barragan should not be allowed to use Rule 35(c) to challenge the sentence, because there is no dispute that the amended sentence imposed by the court is legally correct. This argument misses the point. The merit of a Rule 35(c) motion has no bearing on the question whether it renders a judgment non-final. See Morillo, 8 F.3d at 869 n. 6. ("The likelihood that appellant might prevail on his motion is irrelevant for purposes of determining the motion's suspensory effect."); see also Ibarra, 502 U.S. at 6-7, 112 S.Ct. 4 ("Undoubtedly some motions for reconsideration are so totally lacking in merit that the virtues of the rule established in Healy are not realized by delaying the 30-day period.... But there is no certain way of deciding in advance which motions for reconsideration have the requisite degree of merit, and which do not. Given this, it is far better that all such motions be subsumed under one general rule.").
 
 
 10
 The government next suggests that Barragan waived his right to contest the district court's modification of his sentence because he initially agreed that the district court had jurisdiction to modify that sentence. That argument, too, is unpersuasive. Barragan's counsel promptly informed the court by letter that he was mistaken in conceding the court's jurisdiction to modify the sentence. Thereafter, Barragan moved under Rule 35(c) to have the district court reimpose the original sentence, again arguing that the court lacked jurisdiction to modify that sentence. Under the circumstances, Barragan adequately preserved the issue. Moreover, even if Barragan did not preserve the issue, a party can challenge the court's jurisdiction at any time. Sanchez v. Pacific Powder Co., 147 F.3d 1097, 1100 (9th Cir.1998) (Waiver "does not apply, however, when the issue is jurisdictional.") (emphasis in original).
 
 B. District Court's Jurisdiction
 
 11
 Barragan argues that the district court did not have jurisdiction when it held the July 31, 1997 hearing on the government's June 3, 1997 motion to reconsider his sentence. He contends that this motion could have been made only under Rule 35(c) and that the district court lost its authority to act on the motion by waiting more than seven days after it originally imposed sentence. We consider de novo whether the district court had jurisdiction to resentence. See United States v. Peralta, 941 F.2d 1003, 1010 (9th Cir.1991).
 
 
 12
 The government argues that it moved for "reconsideration" of defendant's original sentence pursuant to federal common law, not pursuant to Rule 35(c) and, thus, that the district court need not have complied with the temporal requirements of Rule 35(c). We agree that generally district courts do have "inherent authority" to decide motions for reconsideration or rehearing of orders in criminal proceedings, even when there is no statute authorizing such motions. See Dieter, 429 U.S. at 8 n. 3, 97 S.Ct. 18 ("The Court of Appeals' concern with the lack of a statute or rule expressly authorizing treatment of a post-dismissal motion as suspending the limitation period ignores our having grounded our decision in Healy, not on any express authorization ..., but rather on 'traditional and virtually unquestioned practice.' ") (citation omitted). See also Healy, 376 U.S. at 79, 84 S.Ct. 553 (similar); United States v. Jones, 608 F.2d 386, 390 (9th Cir.1979) ( "[T]he District Court has plenary power within the appeal time to modify his judgment for error of fact or law or even to revoke it altogether.") (citation and internal quotation marks omitted). The government has not cited any authority, however, that applies the "inherent authority" rule when there are express statutory provisions generally prohibiting motions for reconsideration. See, e.g., Nordvik v. Commissioner, 67 F.3d 1489, 1493 (9th Cir.1995) ("[W]e apply Ibarra 's holding that, absent an express rule to the contrary, a motion for reconsideration terminates the running of the ... limitations period.") (emphasis added).
 
 
 13
 In the sentencing area there is such an "express rule to the contrary." Title 18 U.S.C. § 3582 governs prison sentences and states:
 
 
 14
 The court may not modify a term of imprisonment once it has been imposed except that ... the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]
 
 
 15
 18 U.S.C. § 3582(c)(1)(B) (emphasis added). See, e.g., United States v. Smartt, 129 F.3d 539, 540-41 (10th Cir.1997) ("Section 3582(c) provides that a 'court may not modify a term of imprisonment once it has been imposed except' in ... limited circumstances.") (first emphasis in original; second emphasis added). On its face, the statute provides for no "inherent authority" to amend an imposed prison sentence. Thus, pursuant to 18 U.S.C. § 3582(c)(1)(B), "Rule 35(c) provides the only plausible avenue by which the district court could properly correct or modify [Barragan's] original sentence." United States v. Soto-Holguin, 163 F.3d 1217, 1220 (10th Cir.1999).
 
 
 16
 Viewed as a whole, Rule 35(c) clearly is intended to allow a district court to modify a sentence only in very limited instances and not merely to "reconsider" sentencing issues. The Advisory Committee Notes to Rule 35(c) specifically state that the rule "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." Fed.R.Crim.P. 35(c) advisory committee's notes (West 1998). Accordingly, district courts do not have "inherent authority" to reconsider sentencing orders. See United States v. Handa, 122 F.3d 690, 691 (9th Cir.1997) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citation and internal quotation marks omitted), cert. denied, --- U.S. ----, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998); United States v. Mendoza, 118 F.3d 707, 709 (10th Cir.) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."), cert. denied, --- U.S. ----, 118 S.Ct. 393, 139 L.Ed.2d 307 (1997); United States v. Burd, 86 F.3d 285, 289 (2d Cir.1996) ("The enactment of 18 U.S.C. §§ 3582 and 3742 and the ratification of Rules 35 and 36 of the Federal Rules of Criminal Procedure reflect Congress' desire to insulate criminal sentences from change by the district court, but for a few exceptions.").[2]
 
 
 17
 Moreover, this interpretation is supported by the history of Rule 35. Before 1987, "it was clear that the Healy doctrine applied to Rule 35 motions to correct or reduce criminal sentences." United States v. Corey, 999 F.2d 493, 495 (10th Cir.1993). In particular, district courts had the power to amend an illegal sentence "at any time." In 1987, however, Congress amended that rule and permitted the court to modify the sentence only: (1) on remand from the Court of Appeals, or (2) if the defendant later provided substantial assistance to authorities. See Fed.R.Crim.P. 35(a) and (b). The rule as amended in 1987 did not include subsection (c) or any equivalent authority to correct errors in sentencing.
 
 
 18
 Analyzing the 1987 amended version of Rule 35, circuits held that district courts had "inherent authority" to correct sentencing errors, despite the absence of any statute authorizing such corrections. See United States v. Rico, 902 F.2d 1065, 1067 (2d Cir.1990) ("[A] district court has inherent power in certain circumstances to correct its acknowledged mistakes, even after the enactment of amended Rule 35(a)."); United States v. Cook, 890 F.2d 672, 675 (4th Cir.1989) (similar). Because of such decisions, the Committee in 1991 added subsection (c). The Committee expressly noted that subsection (c) was intended to codify the court's "inherent authority" to modify sentences, but with more stringent limitations. See Fed.R.Crim.P. 35 advisory committee's notes (West 1998) ("The amendment in effect codifies the result in those two cases [Cook and Rico ] but provides a more stringent time requirement."). Moreover, the Committee made clear that subsection (c) did not allow the district court to "reopen issues previously resolved." Id. (emphasis added).
 
 
 19
 Thus, the Committee codified the "inherent authority" of the court within subsection (c), and the government must meet the conditions of that rule; otherwise, the district court cannot modify a defendant's sentence. See, e.g., United States v. Werber, 51 F.3d 342, 348-49 (2d Cir.1995) ("Both appellees also cite a line of cases recognizing a district court's inherent authority to correct an erroneous sentence as long as the time for appeal has not yet run. What appellees overlook, however, is that all of the defendants in these cases were sentenced before the 1991 addition of Rule 35(c) to the Federal Rules of Criminal Procedure.") (citations omitted). Thus, Rule 35(c) provides the only avenue for the district court to modify Barragan's sentence.
 
 
 20
 Rule 35(c) provides that "[t]he court, acting within 7 days after the imposition of sentence, may correct a sentence."[3] Although the government filed its motion within seven days, the district court did not rule on the motion within that time period. The government, nevertheless, argues that it satisfied the requirements of Rule 35(c), because the district court need not actually decide its motion within seven days, as long as the government filed the motion within that time period.
 
 
 21
 A few of our sister circuits have held that a timely filed Rule 35(c) motion gives the district court jurisdiction over the motion for as long as it takes for the court to dispose of it. See United States v. Carmouche, 138 F.3d 1014, 1016 (5th Cir.1998) (holding that a timely Rule 35(c) motion renders otherwise final order of district court nonfinal until disposition of that motion); Corey, 999 F.2d at 496 (same).
 
 
 22
 Other circuits, however, have held that a district court's jurisdiction over a Rule 35(c) motion can last no longer than the seven days that the district court has to act on the motion after the imposition of sentence. See, e.g., Morillo, 8 F.3d at 869 (the district court loses jurisdiction over a Rule 35(c) motion "when the district court decides a timeous Rule 35(c) motion or at the expiration of seven days next following imposition of sentence, whichever first occurs."); United States v. Turner, 998 F.2d 534, 536 (7th Cir.1993) (holding that, if a timely Rule 35(c) motion is filed, a district court's judgment does not become final until the seventh day after the imposition of sentence, when the district judge's power to alter the sentence expires).
 
 
 23
 We adopt the latter view. The government's interpretation of Rule 35(c) is contrary to the plain words of Rule 35(c), which require the court, not the attorney, to "act." See Sloan v. West, 140 F.3d 1255, 1261 (9th Cir.1998) ( "If the intent of Congress is clear from the face of the statutory language, we must give effect to the unambiguously expressed Congressional intent."). Moreover, that interpretation is inconsistent with our prior reading of Rule 35(c). See United States v. Portin, 20 F.3d 1028, 1030 n. 1 (9th Cir.1994) ("To correct a sentence pursuant to Rule 35(c), the sentencing court must act within seven days after imposition of sentence.") (emphasis added). Here the district court did not "act" within seven days from the imposition of sentence and therefore lacked jurisdiction thereafter to modify Barragan's sentence.
 
 
 24
 Finally, the government argues that this court has authority under 28 U.S.C. § 2106 to vacate the May 29, 1997 "illegal" sentence and remand for imposition of the amended "legal" sentence, even though the district court lacked jurisdiction to impose that sentence. We disagree. Section 2106 gives this court the power to review a judgment that is "lawfully brought before it for review." 28 U.S.C. § 2106. The only issue properly before this court is the district court's action on the government's Rule 35(c) motion. The government never appealed the May 29, 1997 sentence, and has not filed a cross-appeal in this case. Therefore, the May 29, 1997 sentence is not properly before this court. See United States v. Whaley, 148 F.3d 205, 207 (2d Cir.1998) (holding that appellate court is "precluded from remanding for resentencing" under § 2106 where government failed to appeal "illegal" sentence). Thus, we have no choice but to allow the May 29, 1997 sentence to stand; the government's failure to appeal that sentence when it had the chance to do so compels this result.
 
 
 25
 VACATED AND REMANDED FOR IMPOSITION OF THE ORIGINAL SENTENCE.
 
 GRABER, Circuit Judge, dissenting:
 
 26
 I respectfully dissent from the majority's assertion of jurisdiction over this appeal.
 
 
 27
 Defendant filed his Notice of Appeal on August 18, 1997. In that Notice of Appeal, he challenged the sentence that the district court had imposed on July 31, 1997; the judgment embodying that challenged sentence was entered on August 1, 1997. We lack jurisdiction to consider the appeal, because it was not filed within the time required by Rule 4(b) of the Federal Rules of Appellate Procedure. See United States v. Green, 89 F.3d 657, 660 (9th Cir.1996) (compliance with the time limit of Rule 4(b) is mandatory and jurisdictional). Rule 4(b) gave defendant ten days from August 1, 1997, within which to appeal, but he filed his notice several days too late.
 
 
 28
 Rule 4(b) of the Federal Rules of Appellate Procedure provides:
 
 
 29
 (1)(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
 
 
 30
 (i) the entry of either the judgment or the order being appealed; or
 
 
 31
 (ii) the filing of the government's notice of appeal.
 
 
 32
 (B) When the government is entitled to appeal, its notice of appeal must be filed in the district court within 30 days after the later of:
 
 
 33
 (i) the entry of the judgment or order being appealed; or
 
 
 34
 (ii) the filing of a notice of appeal by any defendant.
 
 
 35
 (2) A notice of appeal filed after the court announces a decision, sentence, or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry.
 
 
 36
 (3)(A) If a defendant timely makes any of the following motions under the Federal Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 10 days after the entry of the order disposing of the last such remaining motion, or within 10 days after the entry of the judgment of conviction, whichever period ends later. This provision applies to a timely motion:
 
 
 37
 (i) for judgment of acquittal under Rule 29;
 
 
 38
 (ii) for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 10 days after the entry of the judgment; or
 
 
 39
 (iii) for arrest of judgment under Rule 34.
 
 
 40
 (B) A notice of appeal filed after the court announces a decision, sentence, or order--but before it disposes of any of the motions referred to in Rule 4(b)(3)(A)--becomes effective upon the later of the following:
 
 
 41
 (i) the entry of the order disposing of the last such remaining motion; or
 
 
 42
 (ii) the entry of the judgment of conviction.
 
 
 43
 (C) A valid notice of appeal is effective--without amendment--to appeal from an order disposing of any of the motions referred to in Rule 4(b)(3)(A).
 
 
 44
 (4) Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).
 
 
 45
 (5) The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(c), nor does the filing of a motion under 35(c) affect the validity of a notice of appeal filed before entry of the order disposing of the motion.
 
 
 46
 (6) A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket.
 
 
 47
 (Emphasis added.)
 
 
 48
 Three key points are clear from reading the text of Rule 4(b). First, Rule 4(b) unequivocally states the general rule that a defendant must file an appeal within 10 days after the entry of judgment. The majority acknowledges both that general rule and defendant's failure to meet it. Second, Rule 4(b)(3) provides a list of motions whose filing tolls the time limit for a notice of appeal; Rule 35(c) is conspicuously absent from the list. See Longview Fibre Co. v. Rasmussen, 980 F.2d 1307, 1313 (9th Cir.1992) (applying the principle of expressio unius est exclusio alterius to a similar statutory formulation). Third, Rule 4(b)(5) addresses the relationship between a notice of appeal and a Rule 35(c) motion. Instead of providing for tolling, as does Rule 4(b)(3) for several other kinds of motions, Rule 4(b)(5) presumes that a defendant will file a notice of appeal before the court rules on a Rule 35(c) motion. That presumption makes sense only if the usual 10-day limit for filing a notice of appeal continues to run upon the filing of a Rule 35(c) motion.[1]
 
 
 49
 In summary, the plain wording of Rule 4(b) says that a Rule 35(c) motion does not delay the running of the 10-day filing requirement for a defendant's notice of appeal. We are obliged to give effect to such a clear mandate. See Sloan v. West, 140 F.3d 1255, 1261 (9th Cir.1998) (noting that, when Congress has expressed its intent clearly on the face of a statute, we must give effect to its words).
 
 
 50
 Two things also are notable about the factual context of this case. First, the defendant's Notice of Appeal does not refer to or rely on a Rule 35(c) motion in any way. Defendant checked the box marked "sentence only," rather than the box marked "order," and he filled in the phrase "(Sentenced July 31, 1997)." In other words, the majority has implied a basis for jurisdiction that defendant's own Notice of Appeal did not claim. Second, defendant did not seek, and the district court did not grant, an extension of time as permitted by Rule 4(b)(4). In the circumstances, it is particularly inappropriate for the majority to reach out to take jurisdiction of this tardily filed appeal.
 
 
 51
 In my view, we are obliged to dismiss this appeal. I therefore dissent from the majority's contrary holding.
 
 
 
 [1]
 The dissent's reference to the content of Barragan's notice of appeal as further support for its reasoning is not persuasive. It is hardly surprising that Barragan identified his sentence, rather than a district court order, as the object of his appeal, given that the district court had taken no action on his rule 35(c) motion and there was therefore no district court order to appeal. Moreover, the dissent cites no authority for its suggestion that Barragan's failure to explain, in the notice of appeal itself, why his notice was timely deprives us of the authority to hold that we have jurisdiction over the appeal
 
 
 [2]
 A district court may, of course, correct a sentence pursuant to the authority vested in it under 28 U.S.C. § 2255
 
 
 [3]
 The timing requirements of Rule 35(c) are triggered on the "imposition of sentence." Fed.R.Crim.P. 35(c). We have not previously determined when a district court "imposes" a sentence for Rule 35(c) purposes. In dictum, we have noted that " 'imposition of sentence' is a term of art that generally refers to the time at which a sentence is orally pronounced." United States v. Navarro-Espinosa, 30 F.3d 1169, 1170 (9th Cir.1994). At the same time, this court noted that the "Advisory Committee Notes accompanying Rule 35(c) ... indicate that the drafters intended that sentencing courts be empowered to correct clearly erroneous sentences within 7 days of the formal entry of judgment." Id. at 1170-71. Other circuits are split on the question whether a sentence is "imposed" when orally announced or when entered as a judgment. See Andrew P. Rittenberg, "Imposing" a Sentence Under Rule 35(c), 65 U. Chi. L.Rev. 285 (1998) (noting the split). Compare United States v. Abreu-Cabrera, 64 F.3d 67, 74 (2d Cir.1995) (orally announced), with Morillo, 8 F.3d at 869 n. 8 (entry of judgment). We need not decide which approach is correct, because, under either definition of "imposed," the district court failed to act within 7 days
 
 
 [1]
 In United States v. Ibarra, 502 U.S. 1, 6, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991), the Court held that a petition for rehearing renders "an otherwise final decision of a district court not final until it decides the petition for rehearing." Rule 4(b) is silent on whether a motion for rehearing delays the running of the 10-day filing requirement. By contrast, Rule 4(b) is not silent on a Rule 35(c) motion; rather, as discussed in the text, Rule 4(b)(5) contemplates that such a motion will be pending when a defendant files a notice of appeal. That being so, Ibarra does not govern this appeal. See Nordvik v. Commissioner Internal Revenue Serv., 67 F.3d 1489, 1493 (9th Cir.1995) ("[W]e apply Ibarra 's holding that, absent an express rule to the contrary, a motion for reconsideration terminates the running of the ninety day limitations period.") (emphasis added)