David L. PINKSTON, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 99–50572.

D.C. No. CR 97–00361–HLH–3.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 25, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

David L. Pinkston appeals the district court's denial of his Federal Rule of Criminal Procedure Rule 35 motion to vacate or dismiss the fine and costs of incarceration imposed as part of his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pinkston contends that the imposition of a fine as part of his sentence was inappropriate because the district court should not have departed from the presentence report recommendation and that the district court failed to consider and make specific findings regarding the financial resources of the defendant. Federal Rule of Criminal Procedure Rule 35 does not provide the relief that Pinkston requests and accordingly, the district court's denial was proper. *See* FED. R. CRIM. P. 35 (allowing for correction or reduction of sentence determined by a court of appeal to have been

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

unlawfully imposed, on government motion to reflect post-sentencing substantial assistance, or within 7 days after the imposition of sentence, where the court has imposed an incorrect sentence "as a result of arithmetical, technical, or other clear error"); *see also United States v. Barragan–Mendoza,* 174 F.3d 1024, 1028 (9th Cir.1999) (Rule 35(c) "clearly is intended to allow a district court to modify a sentence only in very limited instances and not merely to 'reconsider' sentencing issues").

Pinkston asserts in the alternative that we should construe his motion as a motion to challenge an illegal sentence. Pinkston has already availed himself of that avenue of relief. *Cf. United States v. Nagra,* 147 F.3d 875, 882 (9th Cir.1998) ("When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter."). Pinkston has already filed both a direct appeal in this Court and a habeas petition pursuant to 28 U.S.C. § 2255 in the district court.[1]

No further filings shall be accepted in this closed appeal.

AFFIRMED.

---

1. Even if we were to consider the merits of Pinkston's underlying claim, we would reject it.

