**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 2001**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

GORDON K.,

　　　　Defendant-Appellant.

No. 00-2189

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-99-704-MV)**

---

Robert E. Kinney, Assistant Federal Public Defender, Las Cruces, New Mexico
(Stephen P. McCue, Federal Public Defender, Albuquerque, New Mexico and
Shari Lynn Allison, Research and Writing Specialist, Las Cruces, New Mexico,
with him on the briefs) for Defendant-Appellant.

Mary Catherine McCulloch, Assistant United States Attorney (Norman C. Bay,
United States Attorney, with her on the brief) Albuquerque, New Mexico, for
Plaintiff-Appellee.

---

Before **EBEL**, **HOLLOWAY** , and **JONES** ,[*] Circuit Judges.

---

[*]　　The Honorable Nathaniel R. Jones, United States Circuit Judge for the
Sixth Circuit, sitting by designation.

**JONES** , Circuit Judge.

Appellant, Gordon K., a juvenile, appeals the district court's modification of his original sentence to include an order of restitution. Appellant argues that the district court lacked the authority under Federal Rule of Criminal Procedure 35(c) to modify his original sentence. For the reasons provided below, we **REVERSE** the district court's order of restitution and remand to the district court with instructions to reinstate the original sentence.

**I**.

On June 20, 1999, Appellant fatally stabbed Dewey Pollack on the Mescalero Apache Reservation. Appellant was seventeen years old at the time of the slaying. On December 17, 1999, Appellant entered a guilty plea to an information charging him with second degree murder. In exchange for his guilty plea, the United States agreed that Appellant should be placed in the custody of the Cornell Abraxis Youth Development Program subject to the approval of the Bureau of Prisons for a period of 60 months. The Presentence Report indicated Appellant had no assets nor income and he would not be able to earn any income during his incarceration.

On May 5, 2000, at the sentencing hearing, the district court heard victim allocution from the victim's father, mother, and grandmother. After considering the evidence, the court accepted the negotiated plea agreement and sentenced Gordon to

60 months at Cornell-Abraxis with no supervised release period. Because the Presentence Report indicated that Appellant did not have any income or assets, the district court did not order restitution.

Following the hearing, the district court met with members of the victim's family in chambers outside the presence of defense counsel. The court subsequently contacted counsel on May 10, 2000, and stated its intent to modify the judgment to include restitution pursuant to Federal Rule of Criminal Procedure 35. The court informed counsel that the victim's family was very upset about the plea. The family members informed the court that the Mescalero Tribe gives its members dividend payments annually and that these payments constituted an actual or potential source of income available to Appellant. Judge Vazquez noted that had she known of the payments at sentencing, she would have imposed restitution. The defense objected to modifying the sentence because the court lacked jurisdiction to do so. Over the defense's objection, the district court found that it had jurisdiction to modify the previously imposed sentence under Fed. R. Crim. P. 35(c). The district court ordered the Mescalero tribe to send Appellant's checks directly to the Court for disbursement to the victim's family, until the amount of $4,540.78 had been paid.

**II.**

Fed. R. Crim. P. 35(c) provides that "[t]he court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Appellant argues that the district court lacked the authority under Rule 35(c) to modify his original sentence. The Government argues that Fed. R. Crim. P. 35(c) poses no obstacle to the district court's post-sentencing order of restitution because Rule 35(c) does not apply to juvenile proceedings. The Government relies on Federal Rule of Criminal Procedure 54(b) which provides that the Federal Rules of Criminal Procedure do not apply to proceedings under the Federal Juvenile Delinquency Act ("FJDA" or "the Act") to the extent that they are inconsistent with that Act. *See* Fed. R. Crim. P. 54(b)(5); *United States v. Edward J.*, 224 F.3d 1216, 1220, n.4 (10th Cir. 2000); *United States v. Allen*, 574 F.2d 435, 439, n.10 (8th Cir. 1978). The Government points to several alleged inconsistencies between Fed. R. Crim. P. 35(c) and the Act: (1) Congress intended juvenile dispositions under the Act to be flexible and informal, resulting in a civil determination of status; whereas, adult criminal sentencing cabins the discretion of the sentencing judge and results in a misdemeanor or felony conviction and; (2) Fed. R. Crim. P. 35(c) was enacted to further the goals of the Sentencing Guidelines, which are not applicable to juvenile dispositions.

The Government's argument is without merit. The Advisory Committee Notes to Rule 54(b)(5) provide that "[t]he purpose of excepting proceedings under the

[Federal Juvenile Delinquency] Act is to make inapplicable to them the requirement of an arraignment in open court (Rule 10) and other similar provisions." Fed. R. Crim. P. 54(b)(5), cmt. n.4. *Compare* 18 U.S.C. § 5038 (e) ("Unless a juvenile who is taken into custody is prosecuted as an adult neither the name nor the picture of any juvenile shall be made public in connection with a juvenile delinquency proceeding.") *with* Fed. R. Crim. P. 10 ("Arraignment shall be conducted in open court . . . ."). Thus, the clear import of Rule 54(b)(5) is to exempt those Federal Rules of Criminal Procedure that are in direct conflict with the provisions of the FJDA.

The Government cannot point to a single provision of the Act that conflicts with Rule 35(c). Significantly, the Act does not authorize what Rule 35(c)--in all but a few instances--clearly forbids; i.e., the modification of sentences after they have been imposed. The Government correctly notes that there are important differences between adult and juvenile sentencing such as the informal and individualized context in which juvenile sentencing takes place. However, Rule 35(c) in no way interferes with the judge's ability to impose a juvenile sentence in a forum characterized by flexibility and informality. Rather, Rule 35(c) limits what the judge may do *after* the sentence is imposed. *Cf. McKeiver v. Pennsylvania*, 403 U.S. 528, 534, 91 S.Ct. 1976, 1981, 29 L.Ed. 2d 647 (1971) (Supreme Court decisions holding that the right to notice, to counsel, and to confrontation apply to juvenile

proceedings "do not spell the doom of the juvenile court system or even deprive it of its informality, flexibility, or speed") (quotations omitted); *In re Gault*, 387 U.S. 1, 18, 87 S.Ct. 1428, 1438-39, 18 L.Ed.2d 527 (1967) ("Juvenile Court history has . . . demonstrated that unbridled discretion, however benevolently motivated, is frequently a poor substitute for principle and procedure.").

Finally, the Government argues that since the Sentencing Guidelines do not apply to juvenile dispositions, Rule 35(c) is also inapplicable because Rule 35(c) was enacted to further the goals of the Sentencing Guidelines. The premise of this argument--that the Sentencing Guidelines do not apply to juvenile proceedings-- ignores several points of intersection between the Guidelines and juvenile proceedings. First, under the FJDA, the sentencing court is required to consider the policy statements of the United States Sentencing Commission. *See* 18 U.S.C. § 5037(a). Second, the Supreme Court has held that when the FJDA speaks of the maximum term of imprisonment that would be authorized if a juvenile had been convicted as an adult,[1] it means the maximum period of custody that an adult would face under the Sentencing Guidelines. *See United States v. R.L.C.*, 503 U.S. 291,

---

[1] *See* 18 U.S.C. § 5037 (c)(1)(B) ("The term for which official detention may be ordered for a juvenile found to be a juvenile delinquent may not extend in the case of a juvenile who is less than eighteen years old, beyond (A) the lesser of the date when the juvenile becomes twenty-one years old; or (B) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult.").

294, 112 S.Ct. 1329, 1333 (1992). Thus, a Sentencing Guideline calculation is still necessary to determine the upper limit for a juvenile custody sentence.

In sum, the application of Fed. R Crim. P. 35(c) to juvenile proceedings does not conflict with the Federal Juvenile Delinquency Act; therefore, we hold that Rule 35(c) applies to juvenile proceedings under the FJDA.

## III.

Having determined that Fed. R. Crim. P. 35(c) is applicable to juvenile proceedings, the question remains whether that rule authorized the district court's modification of Appellant's original sentence to include restitution.

There is no dispute that the district court modified the original sentence within the 7 day window provided for under Fed. R. Crim. P. 35(c). In addition, there is no dispute that the original sentence did not contain an arithmetic or technical error. Thus, the only issue is whether the court's failure to order restitution in the original sentence was clear error.

The Advisory Committee Notes to Rule 35(c) state that "[t]he authority to correct a sentence under this subdivision is intended to be very narrow. . . The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to

reopen issues previously resolved at the sentencing hearing . . . ." In the case at bar, the district court changed its mind about the appropriateness of ordering the defendant to pay restitution in light of new information concerning his ability to pay.[2] Because Rule 35(c) does not permit modification of a sentence based on new information, the district court lacked the authority to modify Appellant's sentence. *See United States v. Skufca*, No. 96-1225, 1997 WL 139763 at *1 (10th Cir., March 24, 1997) ("revocation of [defendant's] original sentence was not based on arithmetical, technical or other clear error, but rather on additional evidence at the subsequent hearing and based on the court's change of heart.") (unpublished opinion); *United States v. Lopez*, 26 F.3d 512, 519 (5th Cir. 1994) ("[to allow] the sentencing judge to modify a sentence based upon new information would defeat Congress' intent to provide finality in sentencing and would create an unacceptably large realm of postsentencing discretion.") (quotations omitted).

---

[2] The decision to order restitution is discretionary, not mandatory. *See* 18 U.S.C. §3663 ("The court, when sentencing a defendant convicted of an offense under this title . . . *may* order . . . that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate. . . .) (emphasis added).

## IV.

Accordingly, we **REVERSE** the district court's order of restitution and remand with instructions to reinstate the original sentence.