**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Agustin OLIVO, Defendant—Appellant.**

**No. 00–30371.**

**D.C. No. CR–99–078–BLW.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2002.*

Decided Jan. 15, 2002.

Before THOMAS, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Defendant Agustin Olivo appeals his sentence for possession with intent to distribute methamphetamine, distribution of methamphetamine and/or aiding and abet-

ting in the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We affirm.

Defendant argues that he is entitled to a remedy because the Government breached the plea agreement. He raises this argument for the first time on appeal. In general, a defendant may not claim a breach of the plea agreement for the first time on appeal. *United States v. Robertson*, 52 F.3d 789, 791 (9th Cir.1995).

None of the recognized exceptions to this rule applies. Defendant offers no justification for having failed to bring the alleged breach to the court's attention at the time of sentencing, no intervening change of law has occurred, and the question of breach is primarily one of fact. *See United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir.1991) (stating exceptions). Neither has there been plain error, because the district court found as a fact that Defendant had not provided truthful information, which the plea agreement required him to do as a condition of the Government's obligations. That factual finding is not clearly erroneous.

To the extent that Defendant appeals from the district court's denial of his motion under Federal Rule of Criminal Procedure 35(c), his appeal cannot avail him. The district court lacked jurisdiction to rule on his motion more than seven days after it imposed sentence. *United States v. Barragan–Mendoza*, 174 F.3d 1024, 1030 (9th Cir.1999).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.