**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert MORALES, Sr., Defendant–
Appellant.**

**No. 02–50154.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2003.

Filed May 16, 2003.

Gerald B. Singleton, Federal Defenders of San Diego, Inc., San Diego, CA, attorney for the defendant-appellant.

Patrick K. O'Toole, United States Attorney (when brief was filed), Carol C. Lam, United States Attorney (when opinion was filed), Leah R. Bussell, Assistant United States Attorney (on the brief), Mary C. Lundberg, Assistant United States Attorney (at oral argument), San Diego, CA, attorney for the plaintiff-appellee.

Before: BEEZER, FERNANDEZ and PAEZ, Circuit Judges.

## OPINION

BEEZER, Circuit Judge:

Robert Morales appeals the district court's denial of his motion to vacate or reduce monthly payments on his fine. The district court dismissed the motion for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I

Morales worked as an agent for the Internal Revenue Service ("IRS"). During his employment, Morales accepted 6437 bribes. In 1991, Morales pleaded guilty to conspiracy to defraud the United States, money laundering, official corruption and tax fraud. Morales received a sentence of 144 months in prison and a fine of $607,000. Morales also received three years of supervised release. The fine represents the amount of known bribes accepted by Morales during his work as an IRS agent. The fine is collected through offsets against Morales's civil service pension under 31 U.S.C. § 3716. The government collected funds from Morales's pension while Morales was incarcerated. Following Morales's release from prison, the government began collecting the sum of $1,506.21 from his $2,500 civil service monthly pension.

In 2002, Morales moved to vacate the fine or to reduce payments on the fine. The district court denied the motion, holding that it lacked jurisdiction under Fed. R.Crim.P. 35, 18 U.S.C. § 3583 and 18 U.S.C. § 3573.

### II

The district court lacked jurisdiction to vacate or reduce monthly payments on the fine under Fed.R.Crim.P. 35. Rule 35(a) allows a district court to correct arithmetic, technical or other clear errors within seven days after sentencing. Fed. R.Crim.P. 35(a). After that time, the district court loses jurisdiction to correct the sentence. *See United States v. Penna*, 319 F.3d 509, 512 (9th Cir.2003). Morales did not move to vacate or reduce monthly payments on his fine within seven days after sentencing. Morales brought his motion approximately ten years after sentencing, which was long past the time for seeking relief under Rule 35(a).

Morales argues that 18 U.S.C. § 3614 establishes a method by which a district court may lower a sentence despite the existence of Fed.R.Crim.P. 35. Section 3614 states that a court may "resentence the defendant to any sentence which might originally have been imposed" if the defendant "knowingly fails to pay a delinquent fine or restitution." 18 U.S.C. § 3614(a). Section 3614 does not apply to Morales because Morales has not "knowingly fail[ed] to pay a delinquent fine." Morales is current on his payments.

### III

The district court did not have authority under 18 U.S.C. § 3583 to modify the sentence imposing a fine on Morales. Section 3583(e)(2) allows a district court, in certain instances, to "modify, reduce, or enlarge the conditions of supervised release." However, the fine imposed on Morales was not a condition of supervised release. The fine was a part of the sentence. Section 3583 does not apply. *Cf.*

*United States v. Miller,* 205 F.3d 1098, 1101 (9th Cir.2000).

### IV

 Morales suggests that 18 U.S.C. § 3573 confers jurisdiction on the district court to modify or vacate the fine. Section 3573 states that, "Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice ... defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule." 18 U.S.C. § 3573(2). There is no showing that reasonable efforts to collect the fine are not likely to be effective. In fact, as an offset to Morales's civil service pension, efforts to collect the fine have been quite successful. Moreover, the government has not petitioned for deferral of the fine under this section.

### V

 Morales argues that the district court also has jurisdiction based on the inherent supervisory powers of the court. Federal courts have inherent but limited supervisory powers to formulate procedural rules. *See United States v. Hasting,* 461 U.S. 499, 505, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); *see also McNabb v. United States,* 318 U.S. 332, 341, 63 S.Ct. 608, 87 L.Ed. 819 (1943) (discussing inherent supervisory power to formulate evidentiary rules). The modification of a fine imposed as part of a sentence, however, is not the equivalent of a procedural rule. The modification of the fine would be a modification of Morales's sentence. District courts "do not have 'inherent authority' to reconsider sentencing orders." *United States v. Barragan–Mendoza,* 174 F.3d 1024, 1028 (9th Cir.1999).

### VI

Morales failed to adequately raise his due process argument before the district court. It is therefore waived. *See Arizona v. Components Inc.,* 66 F.3d 213, 217 (9th Cir.1995).

### VII

We AFFIRM the district court's dismissal for lack of jurisdiction.

AFFIRMED.