**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Richard James LESTER, Defendant—Appellant.**

No. 02–10575.

D.C. No. CR–92–00371–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM**

Richard J. Lester, a federal prisoner, appeals pro se the district court's denial of his motion to suspend the fine imposed as part of the sentence for his 1994 conviction for conspiracy to possess with intent to distribute over 1000 kilograms of marijuana in violation of 18 U.S.C. §§ 841(a) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291. This Court reviews de novo whether the district court had jurisdiction to re-sentence a defendant. *See United States v. Barragan–Mendoza,* 174 F.3d 1024, 1027 (9th Cir.1999). We affirm.

The district court lacked jurisdiction to modify Lester's sentence, given that the seven-day period for correcting errors under Fed.R.Crim.P. 35(a) had passed, and the Government did not file a petition to modify or vacate the fine pursuant to 18 U.S.C. § 3573. *See United States v. Morales,* 328 F.3d 1202, 1204–05 (9th Cir.2003).

**AFFIRMED.**

**Larry TURNER, Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden, Respondent–Appellee.**

No. 02–56076.

D.C. No. CV–99–08735–DDP.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted July 21, 2003.*

Decided July 24, 2003.

Harold L. WILBORN, Plaintiff–
Appellant,

v.

John ASHCROFT, Attorney General;
et al., Defendants–Appellees.

No. 02–56711.

D.C. No. CV–99–02617–IEG.

United States Court of Appeals,
Ninth Circuit.

Before LEAVY, HAWKINS and
RAWLINSON, Circuit Judges.

Submitted July 21, 2003.*

Decided July 24, 2003.

## MEMORANDUM**

California state prisoner Larry Turner appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition, which challenges his convictions for second-degree robbery and evading a police officer. Because Turner's notice of appeal was not timely filed, we lack jurisdiction over this appeal. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (stating that the time period for filing a notice of appeal is mandatory and jurisdictional).[1]

**DISMISSED.**

Before LEAVY, HAWKINS, and
RAWLINSON, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. As Respondent concedes, it appears that the district court's dismissal of the petition may have been improper under our decisions in *Ford v. Hubbard*, 330 F.3d 1086, 1102 (9th

Cir.2003), and *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir.2003). Although we dismiss this appeal, we express no opinion regarding whether if Turner were to file a new petition, that petition would be timely under those cases.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).