**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Herschel E. SEIFERT, Defendant–
Appellant.**

No. 04–2586.

United States Court of Appeals,
Seventh Circuit.

Submitted March 8, 2005.*

Decided March 10, 2005.

Gerald A. Coraz, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Herschel E. Seifert, Ashland, KY, pro se.

Before FAIRCHILD, KANNE, and EVANS, Circuit Judges.

**ORDER**

Five years after being convicted and sentenced for one count of conspiring to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, and one count of conspiring to launder the proceeds of his drug trafficking, *see* 18 U.S.C. § 1956(a)(1)(A)(i), (h), and after arguing unsuccessfully on appeal that he should have received points for accepting responsibility, *see United States v. Seifert,* 172 F.3d 54 (7th Cir.1998) (unpublished order), Herschel Seifert filed in his closed criminal case what he titled a "Motion to Compel Compliance with and Performance of Plea Agreement or Withdraw Pursuant to Fed.R.Crim.P. 32(d) and Amendment to Rule 11(e)." He contended that the government breached his plea agreement at sentencing by making statements that caused the district court to deny him points for accepting responsibility in calculating his offense level under the

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

sentencing guidelines. *See* U.S.S.G. § 3E1.1. The district court construed Seifert's motion as one pursuant to 28 U.S.C. § 2255, opened a new civil action, and ordered the government to show cause why it should not be granted. Among other responses, the government pointed out that Seifert had missed the one-year deadline for filing a § 2255 motion. Seifert filed a motion requesting the court not to construe his filing as a § 2255 motion but instead to grant it based on its "inherent authority" and "pursuant either to the Federal Rules or to its common law authority." The district court concluded that it lacked the inherent authority to modify a previously imposed sentence. It denied the motion for lack of jurisdiction and dismissed the civil action that it had opened without prejudice.

The district court was correct that it lacked the "inherent authority" to modify Seifert's term of imprisonment after it was imposed. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that ... the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."); *Romandine v. United States*, 206 F.3d 731, 735 (7th Cir.2000); *United States v. Barragan–Mendoza*, 174 F.3d 1024, 1028 (9th Cir.1999); *United States v. Smartt*, 129 F.3d 539, 540–41 (10th Cir. 1997); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir.1997).

Seifert claims on appeal that he is not seeking a modification of his sentence, but rather enforcement of his plea agreement. A motion under § 2255 is the proper vehicle to seek specific performance of a plea agreement or withdrawal of a plea on the ground that the conviction or sentence was in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2255 ¶ 1; *United States v. Evans*, 224 F.3d 670, 673–74 (7th Cir.2000); *see also Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) ("the interests of justice" demand the enforcement of promises when a plea rests upon them); *Bischel v. United States*, 32 F.3d 259, 264 (7th Cir.1994) (holding that § 2255 is the proper vehicle to claim that the government breached a plea agreement); *Carnine v. United States*, 974 F.2d 924, 927, 932 (7th Cir.1992) (same). Seifert did not want to pursue that route, so the district court was correct to deny his motion for lack of jurisdiction. *See Romandine*, 206 F.3d at 736 (district court should not convert prisoner's filing from one type of action to another).

AFFIRMED.