UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2006[*]
Decided January 19, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2666

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 95-CR-114 |
| JOHN L. ROSS, JR., *Defendant-Appellant*. | **Thomas J. Curran**, *Judge*. |

## O R D E R

John L. Ross, Jr. was convicted in 1995 of armed bank robbery, 18 U.S.C. § 2113(a), (d); using a firearm during that robbery, *id.* § 924(c)(1); and possession of a firearm by a felon, *id.* § 922(g)(1). On the last of these convictions, Ross qualified for enhanced sentencing under the Armed Career Criminal Act, *id.* § 924(e), so on that

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

count the district court employed the corresponding sentencing guideline, U.S.S.G. § 4B1.4, and imposed a prison term of 262 months. The court imposed an identical, concurrent term on the robbery count, and a consecutive, 60-month term on the § 924(c)(1) count. Ross filed an appeal that we dismissed as frivolous, *see United States v. Zolicoffer*, 92 F.3d 512, 516 (7th Cir. 1996), as well as three post-conviction motions that were denied by the district court. The third of those motions is premised on 18 U.S.C. § 3582(c)(2), which authorizes a sentencing court to reduce a term of imprisonment if a later, retroactive amendment to the guidelines would lower the defendant's range. *See* U.S.S.G. § 1B1.10; *United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005). Ross appeals the denial of this motion.

Ross seeks to benefit from Amendment 674 to the U. S. Sentencing Guidelines, which became effective in November 2004. As relevant here, that amendment added Application Note 2 to § 4B1.4 and, for defendants like Ross who are sentenced under both the Armed Career Criminal Act and § 924(c)(1), effectively lowers the *minimum* base offense level under § 4B1.4 from 34 to 33 and the *minimum* criminal history category under that guideline from VI to IV. *See* U.S.S.G. App. C Supp., amend. 674 (effective Nov. 1, 2004). Ross concedes that the Sentencing Commission did not make Amendment 674 retroactive, *see* U.S.S.G. § 1B1.10(a), (c), but he argues that the Commission's choice is no longer conclusive because the Supreme Court held in *United States v. Booker*, 543 U.S. 220 (2005), that the guidelines are merely advisory rather than mandatory.

A district court must be authorized by statute or rule to reduce a sentence that has become final. *See* 18 U.S.C. § 3582(c); *Romandine v. United States*, 206 F.3d 731, 734-35 (7th Cir. 2000); *United States v. Bedonie*, 413 F.3d 1126, 1129 (10th Cir. 2005); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). Section 3582(c)(2) is one source of authority, but it applies only if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This explicit limitation on the scope of the statute remains intact after *Booker*, *see United States v. Moreno*, 421 F.3d 1217, 1220-21 (11th Cir. 2005), and since the Commission decided against making Amendment 674 retroactive, a sentence reduction built around that amendment would not be consistent with the Commission's policy statements. Moreover, as the government notes, Ross stands to gain nothing from the application of Amendment 674. The 2004 amendment lowered the minimum base offense level and criminal history category under § 4B1.4, but even now a defendant like Ross who qualifies both as an armed career criminal under § 4B1.4 and as a career offender as defined in U.S.S.G. § 4B1.1 must be sentenced under whichever guideline yields the higher imprisonment range. *See* U.S.S.G. § 4B1.4(b)(2), (c)(1). Prison terms for career offenders have been stiffened since Ross was sentenced in 1995, *see* U.S.S.G. App. C, vol. II, amend. 642, at 271-74 (effective Nov. 1, 2002), but even under the guideline as

it existed then, Ross's minimum range for the bank robbery and § 922(g)(1) offenses would have been 262 months, *see* U.S.S.G. § 4B1.1 (1995).  That is the sentence Ross received, and so his motion was properly denied.

**AFFIRMED**.