**UNITED STATES of America, Plaintiff–Appellee,**

v.

**JUVENILE, Defendant–Appellant.**

**No. 06–30281.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 2006.*

Filed Nov. 1, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anna S. Peckham, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for plaintiff-appellee.

David F. Ness, Esq., FDMT—Federal Defenders of Montana, Great Falls, MT, for defendant-appellant.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and CARNEY,** District Judge.

## MEMORANDUM***

The district court did not abuse its discretion by imposing a custodial sentence. The record demonstrates that the judge gave adequate consideration to defendant's situation, did not engage in impermissible burden-shifting and chose the "least-restrictive environment" appropriate under the circumstances. *See United States v. Juvenile*, 347 F.3d 778, 785 (9th Cir.2003).

---

** The Honorable Cormac Carney, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The sentencing hearing transcript does indicate that the judge acted under the assumption that he could "entertain a petition by the defendant for release from custody" if defendant completed a sex-offender treatment program. But it is not clear that the judge has the authority to do so. *See United States v. Gordon K.,* 257 F.3d 1158, 1160–61 (10th Cir.2001) (suggesting that the Federal Juvenile Delinquency Act does not authorize modification of sentences after they have been imposed). "District courts do not have 'inherent authority' to reconsider sentencing orders." *United States v. Barragan–Mendoza,* 174 F.3d 1024, 1028 (9th Cir.1999). And under 18 U.S.C. § 3582(c)(1)(A)(i), the district court could amend an adult defendant's sentence only upon a motion from the Director of the Bureau of Prisons and after finding "extraordinary and compelling reasons" to do so.

■ We decline to resolve this question definitively because the parties didn't brief it. But we remand for a determination of whether a reduced sentence is appropriate in light of the fact that the scope of a district judge's power to reconsider sentencing orders in juvenile cases is uncertain. If the judge answers this question in the affirmative, he should resentence. If not, any error is harmless and the sentence will stand as imposed.

■ Appellee's motion to strike the document entitled, "Full Disclosure—Polygraph Examination," from the record is granted, as this document was not presented to the district court. *See* Fed R.App. P. 10. Appellee's motion to strike references in appellant's briefs to defendant's polygraph examination is denied. The references to the polygraph examination are found in the evaluation, which was presented at sentencing and was thus part of the district court record. *Id.*

■ Defendant's request to have his case assigned to another district judge is denied. Defendant has not demonstrated personal bias or "unusual circumstances" to justify reassignment. *See Smith v. Mulvaney,* 827 F.2d 558, 562 (9th Cir. 1987).

**AFFIRMED IN PART; REMANDED IN PART; MOTION GRANTED IN PART AND DENIED IN PART.**