**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30113 |
| Plaintiff - Appellee, | D.C. No. 2:01-cr-00171-RHW |
| v. | |
| CELIA J. STEARNS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Celia J. Stearns appeals from the district court's order denying her motion to sever joint liability and other alternative relief. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Stearns contends that the district court erred when it held that it lacked jurisdiction to amend the judgment to sever joint liability, or to compel the government to pursue the estate of her co-defendant to recover restitution payments. Stearns fails to establish the applicability of any of the limited circumstances under which an order of restitution may be altered. *See* 18 U.S.C. § 3664(o); *see also United States v. Morales*, 328 F.3d 1202, 1205 (9th Cir. 2003) (district courts do not have "inherent authority" to modify a fine imposed as part of a sentence). Additionally, Stearns identifies no authority upon which the court may compel the government to pursue the estate of her co-defendant to recover restitution payments. *See generally United States v. Bright*, 353 F.3d 1114, 1124 (9th Cir. 2004) ("Nothing in the [Mandatory Victims Restitution Act] indicates that district courts themselves are required to reach out and order the government to transfer forfeited funds from government entities to victims.").

**AFFIRMED.**