LUCERO, J.,
dissenting.
I respectfully dissent from the majority’s order and judgment, in which my colleagues hold that the district court lacked jurisdiction under Fed.R.Crim.P. 35(a) to add a term of supervised release two and a half hours after Hendrix’s initial hearing. (Majority Order & J. 5.) I would permit the district court to correct its obvious error. Under Rule 35(a), a court may “correct a sentence that resulted from arithmetical, technical, or other clear error” within fourteen days after the “oral announcement of the sentence.” Fed. R.Crim.P. 35(a), (c). Such post-judgment sentence corrections are “intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence.” United States v. McGaughy, 670 F.3d 1149, 1158 (10th Cir.2012). I agree that the “scope of the district court’s authority under [Rule 35(a)] is not broad,” United States v. Soto-Holguin, 163 F.3d 1217, 1221 (10th Cir.1999), but I conclude this is one of those rare cases that presents an “other clear error” under Rule 35(a).
Hendrix initially requested an additional term of supervised release in lieu of imprisonment. The trial court expressed concern that Hendrix would be a danger to himself and the community, and recommended that the Bureau of Prisons consider civil commitment. That the district court did not initially include a term of supervision indicates an obvious failure to address Hendrix’s request. Because it was simply correcting an obvious error, the district court had jurisdiction to add the term of supervision. Judges are not automatons. There has to be some tolerance for a clear oversight, and this was one. The correction was made before the sun had set on the original sentence.
This is not a case in which the court changed its mind in the intervening two and a half hours. Cf. United States v. Gordon K., 257 F.3d 1158, 1161-62 (10th Cir.2001) (under Rule 35, the district court may not simply “change its mind about the appropriateness of the sentence” based on new information); United States v. Bedonie, 413 F.3d 1126, 1129-30 (10th Cir.2005) (same). In both Gordon K and Bedonie, the district court reversed course on the *822 issue of restitution based on new information that arose after the hearing ended. Gordon K., 257 F.3d at 1162 (district court impermissibly considered new information concerning defendant’s ability to pay); Bedonie, 413 F.3d at 1130 (district court impermissibly ordered post-hearing briefing on restitution award). A “clear error” cannot be premised on information the court did not have at the time of the hearing. Gordon K., 257 F.3d at 1162. But this case does not involve discovery of new information before the district court imposed the additional term of supervision; instead, it is a case of a clear oversight by the district court. A district court does not exceed its jurisdiction by correcting what it had “neglected to cover.”
For this reason, I would affirm.