UNITED STATES of America,
Plaintiff,

v.

Curtis A. BELGARDE, Defendant.

No. CR–00–74–GF–DWM.

United States District Court,
D. Montana,
Great Falls Division.

May 22, 2001.

Anthony R. Gallagher, Federal Defenders of Montana—Great Falls Branch, Great Falls, MT, Michael Donahoe, Federal Defenders of Montana—Helena Branch, Helena, MT, for Curtis A. Belgarde (1), defendant.

## *ORDER*

MOLLOY, Chief Judge.

On April 16, 2001, the court entered an order dismissing the Indictment filed in this matter. Presently before the court is the government's motion urging the court to reconsider its ruling. For the reasons discussed below, the motion to reconsider is denied.

### *BACKGROUND*

■ The Indictment charged defendant Belgarde with committing burglary in violation of 18 U.S.C. § 1153 and MCA 45–6–204, by unlawfully entering the Department of Family Services Building in Wolf Point, Montana, with the intent to commit theft. Section 1153 of Title 18, commonly referred to as the Indian Major Crimes Act, is a jurisdictional statute designed to give federal courts criminal jurisdiction

over certain federal and state crimes committed by an Indian in Indian country. *See United States v. Bear*, 932 F.2d 1279, 1281 (9th Cir.1990). To invoke the court's jurisdiction under section 1153, several requirements must be satisfied. First, the Indictment must allege the defendant is an Indian. Second, the offense charged must be one of the 14 offenses enumerated in section 1153(a). Third, the alleged offense must occur in "Indian country." Fourth, the victim of the alleged offense must be an "Indian or other person." *See* 18 U.S.C. § 1153.

Shortly after this action commenced, Belgarde filed a motion urging the court to dismiss the Indictment because it failed to satisfy the fourth jurisdictional prerequisite. Specifically, Belgarde argued that the victim of the alleged Burglary, the Montana Department of Family Services, was not a "person" as that word is contemplated under § 1153 and therefore section 1153 did not apply. Because Belgarde's argument was persuasive, and unopposed by the government, the court granted the motion. Upon receipt of the court's order, the government filed the present motion for reconsideration.

## DISCUSSION

■ A motion seeking reconsideration of a dispositive ruling in a criminal matter is treated like a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *United States v. Thompson*, 125 F.Supp.2d 1297, 1300 (D.Kan.2000), *citing Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir.1989). Reconsideration is appropriate where: (1) the court's ruling was clearly erroneous; (2) an intervening change in the law has occurred; (3) new evidence was discovered that could

not have been discovered prior to the court's ruling; or (4) the court's ruling was manifestly unjust. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

■ The government does not seek reconsideration based on an intervening change in the law, newly discovered evidence or a manifestly unjust ruling by the court. Instead, the government argues that reconsideration is appropriate because the court erred when it concluded that the Montana Family Services was not a "person" for purposes of section 1153. In the opinion of the government, the word "person" should be construed to include government agencies because other criminal statutes define the word "person" to include entities other than individuals. *See e.g.*, 18 U.S.C. § 224(c)(3); 18 U.S.C. § 921(a)(1); 18 U.S.C. § 841(a); 18 U.S.C. § 2510(6).

The government's argument is not compelling. First, although the criminal statutes cited by the government define the word "person" to include such entities as: a corporation, partnership and a trust, none of the statutes define the word "person" to include a government agency. Moreover, the government has failed to cite any decisional authority where the word "person" has been defined to include a government agency.

Section 1 of Title 1 addresses the situation where a federal statute is silent with respect to the meaning of the word "person." Section 1 states that the word "person," unless otherwise indicated, shall be deemed to include individuals, corporations, companies, associations, firms, partnerships, societies and joint stock companies.[1] *See* 1 U.S.C. § 1. Although section

---

**1.** Section 1 of Title 1 provides, in pertinent part, as follows:

> **§ 1. Words denoting number, gender, and so forth**

In determining the meaning of any Act of Congress, unless the context indicates otherwise—
the word[ ] "person" ... include[s] corporations, companies, associations, firms,

1 defines the word "person" to include entities other than individuals, it does not instruct that the word "person" should be construed to include "a state" or a "government agency."

Further, there is nothing in the legislative history of section 1153, or its purpose, that suggests the word "person" includes government agencies. The Indian Major Crimes Act was enacted to provide federal courts with jurisdiction over crimes committed on an Indian reservation by one Indian against another Indian. Prior to the enactment of Indian Major Crimes Act, intra-Indian crimes committed on an Indian reservation were prosecuted exclusively in tribal courts. *See United States v. Jackson,* 600 F.2d 1283, 1285 (9th Cir. 1979), citing *Ex parte Crow Dog,* 109 U.S. 556, 3 S.Ct. 396, 27 L.Ed. 1030 (1883). Concerned that interracial crimes may not be adequately prosecuted in the tribal court system, Congress passed the Indian Major Crimes Act, in 1885, to provide federal courts with jurisdiction over certain Intra–Indian crimes. *Keeble v. United States,* 412 U.S. 205, 210–12, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973); *United States v. Maloney,* 607 F.2d 222, 227 (9th Cir.1979).

The Indian Major Crimes Act was proposed in the House of Representatives as a floor amendment to an Indian appropriation bill. The Act, as originally proposed, made clear that it applied only where the victim of the crime was an Indian. During the debate, the following colloquy occurred which ultimately resulted in the addition of the phrase "or any other person."

> MR. BUDD: Why not insert in the amendment after the words "another Indian," the words "or any other person?"
>
> MR. CUTCHEON: Indians are already capable of being convicted and punished for a crime committed upon any other person than an Indian.

> MR. BUDD: But it is not done.
>
> MR. CUTCHEON: If, however, an Indian commits a crime against an Indian on an Indian reservation there is now no law to punish the offense except, as I have said, the law of the tribe, which is just no law at all.
>
> MR. ELLIS: The language suggested by the gentleman from California [Mr. Budd] will not hurt the amendment.
>
> MR. CUTCHEON: I have no objection to the amendment at all, and will accept it as a modification. I think this provision ought to be inserted in this bill; otherwise I fear it will not become law during this Congress.

*See* 16 Cong. Rec. 934 (1885). Obviously, this colloquy raises more questions than it answers. Representative Cutcheon was clearly aware that the Indian Country Crimes Act, 18 U.S.C. § 1152, already covered interracial crimes committed by Indians, and thought inclusion of the phrase "or any other person" was unnecessary. On the other hand, Representative Budd was apparently dissatisfied with the results achieved under Indian Country Crimes Act and wanted at least some interracial crimes prosecuted under the Indian Major Crimes Act. In any event, the issue presently before this court—*i.e.,* whether a government agency constitutes a "person" for purposes of the Indian Major Crimes Act—was not discussed by Congress when it passed the Indian Major Crimes Act.

In summary, there is nothing in the language of section 1153, it purpose, or its legislative history, that convinces the court that the word "person" should be construed to include a government agency. Accordingly, IT IS HEREBY ORDERED

partnerships, societies, and joint stock companies, as well as individuals; . . . .

that the government's motion for reconsideration is DENIED.