**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Curtis A. BELGARDE, Defendant–
Appellee.**

United States of America,
Plaintiff–Appellee,

v.

Curtis A. Belgarde, Defendant–
Appellant.

Nos. 01–30243, 01–30244.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2002.

Filed Aug. 27, 2002.

Klaus P. Rochter (argued), Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee-appellant.

Michael Donahoe (argued), Assistant Federal Public Defender, Helena, Montana, for the defendant-appellee-appellant.

Before: NOONAN, HAWKINS and GOULD, Circuit Judges.

Opinion by Judge GOULD; Concurrence by Judge NOONAN; Concurrence by Judge GOULD.

GOULD, Circuit Judge.

The United States appeals the district court's dismissal of the indictment charging Curtis A. Belgarde with committing burglary in violation of 18 U.S.C. § 1153 and Montana's burglary statute. The district court granted Belgarde's motion to dismiss on the ground that the Montana Department of Family Services is not a "person" within the meaning of 18 U.S.C. § 1153. We have jurisdiction and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Curtis A. Belgarde, an enrolled member of the Fort Berkholt Tribe, was indicted for committing burglary of a state-owned building situated on Tribal land. Specifically, he was charged with unlawfully entering the Department of Family Services building in Wolf Point, Montana, with the intent to commit theft in violation of 18 U.S.C. § 1153 ("the Major Crimes Act") and M.C.A. § 45–6–204, Montana's burglary statute.

The Major Crimes Act provides:

(a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, ... burglary ... shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

(b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 1153. For purposes of the Major Crimes Act, burglary is defined according to state law and the elements it sets. As pertinent here, in Montana the burglary statute prohibits unlawful entry into an occupied structure with the intent to commit an offense. M.C.A. § 45–6–204.

Belgarde moved to dismiss the Indictment, claiming, *inter alia,* that a state agency building is not "property of another Indian or other person" within the meaning of 18 U.S.C. § 1153(a). The government opposed the motion. The district court granted the motion and dismissed the Indictment. It reasoned that the victim of the offense was the Montana Department of Family Services ("DFS"), which occupied the building that Belgarde broke into and entered. The court reasoned that by its terms, section 1153 applies only if the victim of an alleged offense is a "person," either Indian or non-Indian. The court then found that DFS was not a "person" as that term was "commonly understood" and found that section 1153 did not apply.

The United States moved for reconsideration, citing several statutes that offered legal definitions of the word "person." Belgarde urged that the reconsideration motion be denied and that dismissal of the indictment be affirmed with prejudice. The court denied the motion for reconsid-

eration and the government noticed this appeal.

## DISCUSSION

### I

██ Belgarde argues that we must dismiss this appeal for lack of jurisdiction because of errors made by the government in filing its notice of appeal. Belgarde first argues that government's appeal should be dismissed because "the express terms of 18 U.S.C. § 3731 do not provide appellate jurisdiction from a district court order denying reconsideration of a previous order dismissing an indictment." 18 U.S.C. § 3731 provides in relevant part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

Here, the district court's order of April 16, 2001 states that "[i]t is hereby ordered that Belgarde's Third Motion for Dismissal of the Indictment is granted." We conclude that the government properly appealed an "order of a district court dismissing an indictment" which is expressly provided for in 18 U.S.C. § 3731.

Belgarde next argues that because the government did not specify in its notice of appeal that it was appealing the district court's April 16, 2001 order and not simply the denial of the motion for reconsideration, the appeal is improper. Belgarde's argument is not persuasive. We have previously held that, "[a] mistake in designating the order being appealed is not fatal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." *See McCarthy v. Mayo,* 827

F.2d 1310, 1314 (9th Cir.1987) (internal quotations and citation omitted). Here, it is clear that the government's intent was to appeal the dismissal of the Indictment, and Belgarde can attribute no prejudice to the government's alleged oversight; the government's failure to specify the order being appealed is not fatal. We believe all parties understood that the government was appealing the dismissal of the Indictment following denial of a motion to reconsider.

██ Belgarde next claims that the government did not file its notice of appeal in a timely manner. "[T]he consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending." *United States v. Dieter,* 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976) (citing *United States v. Healy,* 376 U.S. 75, 78–79, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964)). A motion for reconsideration is timely if it is filed within the time for appeal, *see Dieter, id.,* and an appeal is timely if it is filed within the time to appeal after the denial of the motion for reconsideration. *See United States v. Ibarra,* 502 U.S. 1, 4 n. 2, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991) ("we previously made clear that would-be appellants are entitled to the full 30 days after a motion to reconsider has been decided"); *United States v. Lefler,* 880 F.2d 233, 234 (9th Cir.1989). Here, the government filed the notice of appeal within 30 days after the denial of the motion for reconsideration. The notice was timely and we have jurisdiction to consider the appeal.

### II

██ The government contends that a state agency is a person within the meaning of the Major Crimes Act. We must reject this contention because of our recent decision in *United States v. Errol D.,*

292 F.3d 1159 (9th Cir.2002). That case involved a juvenile who was "charged with committing an act of juvenile delinquency—specifically, that he did knowingly and unlawfully enter an occupied structure, that is the BIA Facilities Management Building, in Poplar, Montana, with the intent to commit an offense therein, to-wit: theft, which would have been a crime in violation of 18 U.S.C. §§ 1153 and 2; and 45–6–204, M.C.A., if committed by an adult." *Errol D.,* 292 F.3d at 1161. In *Errol D.,* we held explicitly and without reservation that "because this case involved the burglary of a government facility—and because the government is not a 'person' within the meaning of § 1153(a)—Errol D.'s offense did not constitute a 'violation of a law of the United States' as charged under the[Major Crimes Act], and the district court, therefore, lacked the requisite jurisdiction to try him." *Errol D.,* 292 F.3d at 1162.

Although the language of our holding in *Errol D.* clearly reaches any government agency, the government asks us to limit the holding of *Errol D.* to its facts and not to apply it to this case because *Errol D.* involved a federal agency and this case involves a state agency.

We conclude that our decision in *Errol D.* cannot be so narrowly interpreted for two reasons. First, our statement of the holding in *Errol D.* and its reasoning that a government agency, in that case a federal agency, is not a person within the meaning of the Major Crimes Act apply equally to a state agency. Our decision in *Errol D.* did not limit its holding and stated a rule that on its face would affect burglary of any government agency. Second, in reaching this conclusion, we specifically relied on the district court decision in *United States v. Belgarde,* 148 F.Supp.2d 1104

(D.Mont.2001), which is the subject of this appeal. After evaluating the district court's opinion in *Belgarde,* we stated:

> Like the *Belgarde* court, we can find no relevant decisional or statutory authority to support the proposition that a government agency falls within the definition of "person" as used in § 1153. Nor can we find anything in the legislative history of § 1153 to suggest that Congress intended the term "person" to be construed in a more expansive manner than its ordinary usage and meaning requires. We therefore find the reasoning of *Belgarde* highly persuasive.

*Errol D.,* 292 F.3d at 1162. Given this express reasoning, and its endorsement of the district court's reasoning in *Belgarde,* it is not possible for us to conclude that our prior decision was limited to only federal agencies; to the contrary, *Errol D.'s* express holding and reasoning compel the conclusion that any government agency, whether state or federal, is not a person within the meaning of section 1153.

Under the general rule that a panel not sitting *en banc* has no authority to overturn Ninth Circuit precedent, we are bound by this Court's previous decision in *Errol D.,* and we must affirm the district court's dismissal of the indictment and hold that a state agency is not a person within the meaning of the Major Crimes Act.

## CONCLUSION

■ We have jurisdiction to consider this appeal. We are bound by this Court's previous decision in *Errol D.,* and thus affirm the district court's dismissal of the indictment on grounds that a state agency is not a person within the meaning of the Major Crimes Act.[1]

**AFFIRMED.**

---

1. Because this issue is dispositive, the Court need not address the remaining issues on appeal or cross-appeal. In his brief, Belgarde

does not sufficiently raise the issue of whether the district court erred in not dismissing his

NOONAN, Circuit Judge, concurring:

It is a familiar principle of law that a statute is not to be construed literally if such construction leads to an absurd result. *Public Citizen v. United States Dep't of Justice,* 491 U.S. 440, 454–55, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989). Even where there has been reluctance to apply this principle, it has not been denied, *e.g. Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 575, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982). The difficulty lies in a court determining that a result is so palpably absurd that the literal reading leading to the result subverts the purpose of the legislature and so must be replaced by a nonliteral reading faithful to that purpose. *Compare, e.g., Church of the Holy Trinity v. United States,* 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226 (1892) *with Crooks v. Harrelson,* 282 U.S. 55, 59–60, 51 S.Ct. 49, 75 L.Ed. 156 (1930).

Despite the array of authority excluding governments from the meaning of "person," it seems to me fundamentally subversive of this federal criminal law to construe it so as to leave either federal or state agencies on Indian reservations without federal or state protection against depredation. However, as this panel is bound by *Errol D.,* we must refer this case to an en banc court to reach a different result.

GOULD, Circuit Judge, concurring:

In the majority opinion, we hold that under *Errol D.,* a state agency, as with a federal agency, is not a "person" for purposes of the Major Crimes Act. The holding of *Errol D.,* which we are bound to follow, requires this conclusion for the reasons stated in the majority opinion. However, in my view, the decision by a divided

Court in *Errol D.* was incorrect. I am persuaded by the *Errol D.* dissent's position, and think that this case underscores that it would be wise for our Court to reassess the issue en banc. *Errol D.'s* necessary application here to cover state agencies demonstrates that its holding left a potential gap in jurisdiction under the Major Crimes Act.

What is this gap? The majority in *Errol D.* reasoned in part that the defendant in that case could be prosecuted under alternative statutes, 18 U.S.C. § 641 or 18 U.S.C. § 1152. Here, Belgarde cannot be prosecuted under 18 U.S.C. § 641 because this case is concerned with state property, not federal property. Also a possible jurisdictional problem could exist for a charge under 18 U.S.C. § 1152. Section 1152 states in part: "This section shall not extend to ... any Indian committing any offense in the Indian country who had been punished by the local law of the tribe...." If tribal authorities have prosecuted Belgarde for the same offence, a mere misdemeanor in Tribal court, then federal prosecution would be foreclosed. And even if Belgarde, himself, was not prosecuted for burglary in Tribal court, another burglar may be. I cannot believe that Congress would have intended not to reach such conduct under federal criminal law. In reaching its conclusion and holding, the panel in *Errol D.* failed adequately to consider this possible jurisdictional gap in the case of burglary of a state agency.

Of course, we do not sit to close a jurisdictional gap left by Congress, but here Congress did not create the gap concerning burglary of a state agency on Tribal lands. We did. Following *Errol D.* here,

---

case with prejudice. Federal Rule of Appellate Procedure 28(a)(9)(A) requires an appellant to state in his or her argument, "contentions and the reason for them, with citations to the authorities and parts of the record on

which the appellant relies." Belgarde did not do this with regard to the issue of dismissal with or without prejudice, and as such abandoned any such issue on appeal.

with misgivings, I respectfully urge my colleagues to take another look at whether a government agency, and here a state agency, is a person for purposes of the Major Crimes Act.