**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50307 |
| Plaintiff - Appellee, | D.C. No. 2:92-cr-00200-PSG-1 |
| v. | |
| PIERRE CLIFTON MARSHALL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted January 11, 2013[**]
Pasadena, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BELL, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

Pierre Marshall appeals from the district court's order denying his motion for reconsideration of an oral September 1995 order[1] denying an oral motion for a complete resentencing. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Marshall's motion for reconsideration was filed almost 15 years after the oral order and is therefore untimely. The Federal Rules require motions for reconsideration to be filed within the time for appeal, which in 1995 was 10 days after the order. Fed. R. App. P. 4(b) (1995); *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (designating as final orders that leave no question "open, unfinished, or inconclusive"); *United States v. Belgarde*, 300 F.3d 1177, 1180 (9th Cir. 2002).

Additionally, we already rejected Marshall's argument that he is entitled to a full resentencing because his conviction never became final due to the district court's failure to enter an amended judgment following his direct appeal in 1995. *United States v. Marshall*, 350 F. App'x. 151 (9th Cir. 2009). Marshall's appeal is therefore barred under the law of the case. In the 2009 appeal, we also determined that his collateral attack on the judgment would be "properly raised in a motion

---

[1] We note that the district court's September 11, 1995 minute order does not reflect Marshall's oral motion or its denial. However, as the parties do not dispute that the oral order issued, we assume that the order exists for purposes of this appeal.

pursuant to 28 U.S.C. § 2255." *Id.* at 152. Even if we were to treat Marshall's "motion for reconsideration" as a § 2255 motion, the district court was correct to deny Marshall's motion as he did not obtain permission from this court to file a second § 2255 challenge. 28 U.S.C. § 2255(h).

**AFFIRMED**.