RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent for two reasons: 1) Military Law Task Force (Task Force) failed to appeal the district court’s fee award; and 2) the district court acted within its discretion in calculating the fee award.
1. Task Force failed to appeal the district court’s fee award.
As the majority candidly acknowledges, the “notice of appeal is plainly deficient.” Majority Opinion, p. 1043. Specifically, Task Force’s notice of appeal contained absolutely no mention of the underlying fee award. Rather, it referenced only the district court’s denial of the motion for reconsideration.
The majority relies upon the case of Lolli v. County of Orange, 351 F.3d 410 (9th Cir. 2003) and the eases cited in Lolli. See Majority Opinion, p. 1043. However, a closer reading of the cases cited in Lolli reveals the existence of factual circumstances that are not present in this case.
In United States v. Belgarde, 300 F.3d 1177, 1180 (9th Cir. 2002), we expressed our belief that “all parties understood that the government was appealing the dismissal of the Indictment following denial of a motion to reconsider.” No such understanding existed in this case.
In McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir. 1987), we observed that “[i]n denying [the] post-judgment motion, the district court incorporated the prior order ...” No similar incorporation of the prior order accompanied the district court’s denial of Task Force’s motion for reconsideration.
I am not persuaded that the “fair inference” of an intent to appeal should be so facilely bestowed upon Appellants who have failed to comply with the rules of appellate procedure. I would hold that Task Force failed to appeal the underlying fee award.
As the majority acknowledges, Task Force argued only for fees based on the current billing rates for its attorneys. Task Force made absolutely no argument for fees predicated upon prevailing historic market rates for the pertinent geographical area and time period. See Majority Opinion, pp. 1039-40. Yet, the majority essentially holds that it was incumbent upon the district court judge to award fees based upon an argument that was never made by Task Force. See id. at 1045^16.
Until today, we had not required a district court to rule on an argument that was never presented. Indeed, our precedent is to the contrary. Wé have consistently ruled that a party forfeits any argument not made to the district court. See United States v. Anekwu, 695 F.3d 967, 985 (9th Cir. 2012) (“[A]n appellant waives arguments by failing to raise them in the district court ...”) (citation omitted); see also Li v. Kerry, 710 F.3d 995, 1000 n.4 (9th Cir. 2013).[1]
2. The district court acted within its discretion in calculating the fee award.
Our review of the reasonableness of an attorney fee award is for an abuse of discretion. See United States v. $28,000.00 in *1048 U.S. Currency, 802 F.3d 1100, 1104 (9th Cir. 2015).
The majority points to the inclusion of a declaration of Carol Sobel setting forth fee awards in various court cases in the Los Angeles area. See Majority Opinion, pp. 1045-46. However, the majority’s reliance on these fee awards is problematic for two reasons: 1) the data provided was proffered for the purpose of supporting Task Force’s request for an award of its current billing rates, and 2) the district court was not required to accept the proffered rates as controlling.
Notably, Task Force never argued that the rates set forth in the Sobel declaration established prevailing market rates for 2006 to 2008. Rather, Task Force relied on the rates in the declaration as support for an award of its current rates, particularly since the rates in the declaration encompassed 2008-2011, as opposed to the pertinent years of 2006-2008.
More importantly, the district court was not required to accept these rates as prevailing market rates for 2006-2008, not only because the rates were for different years, but also for different types of cases. Not one of the referenced cases arose under the Freedom of Information Act, as does this case.[2] Rather, the rates cited were awarded in “a recent large class-action First Amendment case,” “a consumer class action,” and civil rights litigation. Absent a showing that the fees were earned in cases that were analogous to litigation under the Freedom of Information Act, the district court was not obligated to accept these rates as historical market rates. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (“[Bjilling rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.”) (citations omitted).
In summary, because 'Task Force did not appeal the underlying fee award, and because the district court acted within its discretion in determining the appropriate fee award, I would affirm.

. The majority opinion completely ignores the holding of these cases and permits Task Force to appeal on a basis that was never presented to the district court.

. The majority seeks to minimize this discrepancy by pointing to the cases relied on by the district court. See Majority Opinion, p. 1045 n.3. However, if non-Freedom of Information Act cases do not support the district court's decision, they do not become magically more persuasive because they are cited by the majority.