**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE CHRISTOPHER MICHAEL MARINO; VALERIE MARGARET MARINO, <br><br> *Debtors*, | Nos. 18-60005 <br> 18-60006 <br> 18-60040 <br> 18-60041 |
| | |
| OCWEN LOAN SERVICING, LLC, <br> *Appellant/Appellee*, | BAP Nos. <br> 16-1229 <br> 16-1238 |
| v. | |
| CHRISTOPHER MICHAEL MARINO; VALERIE MARGARET MARINO, <br> *Appellees/Appellants.* | OPINION |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Tighe, Bankruptcy Judges, Presiding

Argued and Submitted October 22, 2019
San Francisco, California

Filed February 10, 2020

Before:  J. Clifford Wallace and Mary H. Murguia, Circuit
Judges, and Robert S. Lasnik,[*] District Judge.

Opinion by Judge Lasnik

---

## SUMMARY[**]

---

### Bankruptcy

The panel dismissed, for lack of jurisdiction, appeals
from the Bankruptcy Appellate Panel's decision affirming
the bankruptcy court's contempt orders issued against a
creditor and reversing and remanding on the issue of
punitive damages; and affirmed the BAP's denial of debtors'
motion for attorney's fees.

Dismissing in part for lack of jurisdiction, the panel held
that the BAP's decision remanding the matter to the
bankruptcy court was not final and appealable.  Considering
the need to avoid piecemeal litigation, judicial efficiency, the
systemic interest in preserving the bankruptcy court's role as
the finder of fact, and whether delaying review would cause
any party irreparable harm, the panel concluded that all four
of these factors compelled dismissal of the creditor's
appeals.

---

[*] The Honorable Robert S. Lasnik, United States District Judge for
the Western District of Washington, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

Affirming in part, the panel held that the BAP did not abuse its discretion in denying debtors' motion for attorney's fees incurred before the BAP. Debtors were not entitled to fees on the ground of a frivolous appeal. They also were not entitled to attorney's fees under a provision in a deed of trust, and 11 U.S.C. § 105 does not authorize an award of fees.

## COUNSEL

Jonathan D. Fink (argued), Wright Finlay & Zak LLP, Newport Beach, California; Christopher Alan James Swift, Wright Finlay & Zak LLP, Las Vegas, Nevada; for Appellant/Appellee.

Christopher P. Burke (argued), Reno, Nevada; Christina L. Henry, Henry & DeGraaff PS, Seattle, Washington; for Appellees/Appellants.

## OPINION

LASNIK, District Judge:

After the bankruptcy court entered a chapter 7 discharge injunction in June 2013, Debtors, Christopher and Valerie Marino, continued to receive letters and telephone calls from Ocwen Loan Servicing LLC ("Ocwen") about the home they had abandoned to foreclosure before filing for bankruptcy. Following an evidentiary hearing, the bankruptcy court found Ocwen in contempt of the discharge injunction and imposed a $119,000 civil contempt sanction.

Ocwen appeals from that order, as well as from the bankruptcy court's order denying its motion for reconsideration. Ocwen also appeals from the Bankruptcy Appellate Panel's ("BAP") conclusion that it was "error for the bankruptcy court to preclude itself from considering an award of punitive damages" under 11 U.S.C. § 105(a).[1] For their part, the Marinos appeal from the BAP's denial of their motion for attorney's fees incurred on appeal.

We dismiss Ocwen's appeals for lack of jurisdiction and affirm the BAP's denial of the Marinos' motion for attorney's fees.

### I.

The Marinos purchased a home in Verdi, California, with a loan that was later serviced by Ocwen. The Marinos fell behind on their mortgage payments and decided to leave their home and allow Ocwen to foreclose on it. The Marinos

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Civil Procedure.

then filed for chapter 7 bankruptcy and received a discharge injunction a few months later.

Despite the discharge injunction, the Marinos continued to receive letters and telephone calls from Ocwen about their former home. The Marinos presented evidence at a hearing showing that they had received letters and calls from Ocwen, causing them severe emotional distress.

The bankruptcy court concluded that Ocwen violated the discharge injunction and imposed a civil contempt sanction of $1,000 for every violation, totaling $119,000. The bankruptcy court also concluded that it lacked the inherent authority to award punitive damages for a violation of a discharge injunction. Finally, the bankruptcy court denied Ocwen's motion for reconsideration.

The BAP affirmed the bankruptcy court's contempt and reconsideration orders but reversed and remanded on the issue of punitive damages. The BAP also denied the Marinos' motion for appellate attorney's fees.

Ocwen appeals from the bankruptcy court's contempt and reconsideration orders. Ocwen also appeals from the BAP's decision reversing the bankruptcy court on the scope of its inherent authority to award punitive damages for a discharge injunction violation. The Marinos appeal the BAP's decision on attorney's fees.

II.

A.

Under 28 U.S.C. § 158(d)(1), our jurisdiction is limited to "decisions, judgments, orders, and decrees that are 'final' [for] we have no authority . . . to consider interlocutory

orders and decrees." *In re Gugliuzza*, 852 F.3d 884, 891 (9th Cir. 2017) (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 252 (1992)). Because bankruptcy cases are often complex and litigated in various discrete proceedings, BAP orders may be immediately appealed only if they "finally dispose of discrete disputes within the larger case." *Id.* at 892 (quoting *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015)). "Correct delineation of the dimensions of a bankruptcy 'proceeding is a matter of considerable importance" for "[a]n erroneous identification of an interlocutory as a final decision may yield an appeal over which the appellate forum lacks jurisdiction." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. ___ (slip op. at 3) (2020). An order in a bankruptcy proceeding is final and thus appealable if it "alters the status quo and fixes the rights and obligations of the parties . . . [or] alters the legal relationships among the parties." *In re Gugliuzza*, 852 F.3d at 893 (quoting *Bullard*, 135 S. Ct. at 1692, 1695).

However, an order from the BAP is not final if it "remands for factual determinations on a central issue[.]" *Id.* at 895 (quoting *In re Vylene Enters.*, 968 F.2d 887, 895 (9th Cir. 1992)). We have departed from this rule only when the BAP remands for "purely mechanical or computational task[s] such that the proceedings on remand are highly unlikely to generate a new appeal." *In re Landmark Fence Co., Inc.*, 801 F.3d 1099, 1103 (9th Cir. 2015) (alteration in original) (quoting *In re Saxman*, 325 F.3d 1168, 1172 (9th Cir. 2003)). We limit the exception to our general rule against exercising appellate jurisdiction when the BAP remands to the bankruptcy court for good reason. When the BAP "remands a case to the bankruptcy court, 'the appellate process likely will be much shorter if we decline jurisdiction and await ultimate review on all the combined issues.'" *In re Lakeshore Vill. Resort, Ltd.*, 81 F.3d 103, 106 (9th Cir.

1996) (quoting *In re Stanton*, 766 F.2d 1283, 1287–88 (9th Cir. 1985)).

We apply a four-part test to determine if we have jurisdiction over an appeal from a BAP decision that remands to the bankruptcy court. We consider "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *In re Gugliuzza*, 852 F.3d at 894 (quoting *In re Perl*, 811 F.3d 1120, 1126 (9th Cir. 2016)). We conclude that all four factors compel dismissal of Ocwen's appeals.

As to the first two factors, dismissal serves judicial efficiency and avoids piecemeal litigation by allowing the bankruptcy court to make additional findings of fact and conclusions of law before we exercise our jurisdiction. If we were to resolve Ocwen's appeals now, the parties would almost certainly climb back up the appellate ladder, asking us to consider the bankruptcy court's decision on punitive damages. The Supreme Court has discouraged this type of piecemeal litigation for its inefficiency. *See Bullard*, 135 S. Ct. at 1693 (explaining that the "rule of finality" exists to avoid "climb[s] up the appellate ladder and slide[s] down the chute" and the "delays and inefficiencies" that result).

As to the third factor, the BAP's decision expressly left open the possibility for the bankruptcy court to engage in additional fact-finding after remand. Although the BAP did not "hold that the bankruptcy court must award a fine or punitive damages," it remanded the case for the bankruptcy court to "consider whether to do so." The BAP explained that the bankruptcy court "might choose to *issue proposed findings* and a recommended judgment on punitive damages to the district court or refer the matter to the district court for

criminal contempt proceedings." (emphasis added). Dismissal preserves the bankruptcy court's fact-finding role where, as here, the BAP's decision remands to the bankruptcy court to determine whether punitive damages are appropriate.

Finally, as to the fourth factor, other than protracted litigation costs, neither party would be irreparably harmed if we declined jurisdiction over Ocwen's appeals. Litigation costs generally do not qualify as irreparable harm. *Cf. In re Excel Innovations, Inc.*, 502 F.3d 1086, 1099 (9th Cir. 2007).

In short, the BAP remanded to the bankruptcy court for more factual findings on punitive damages. The bankruptcy court's decision whether punitive damages are appropriate is not a "ministerial task[.]" *In re Gugliuzza*, 852 F.3d at 897 (stating that "[a] decision that remands a case for further fact-finding will rarely have this degree of finality, unless the remand order is limited to ministerial tasks" (citation omitted)).

In addition, the bankruptcy court's punitive damages calculus was part of the same "discrete proceeding" in which the bankruptcy court imposed sanctions against Ocwen for violating the discharge injunction. *Id.* at 899 (quoting *Bullard*, 135 S. Ct. at 1692). The BAP's decision did not "terminate[] a procedural unit separate from the remaining case" or "conclusively resolve[] the [Marinos'] entitlement to the requested relief." *Ritzen Grp., Inc.*, 589 U.S. at ___ (slip op. at 6). The relevant "procedural unit" in Ocwen's appeals is the contempt proceedings, in which the Marinos sought *both* monetary sanctions and punitive damages. The BAP remanded to the bankruptcy court to assess whether to award the Marinos punitive damages, relief that the Marinos diligently pursued. This is therefore not a case in which the BAP's decision "ended the [contempt proceeding]

adjudication and left nothing more for the Bankruptcy Court to do in that proceeding." *Id.* at ___ (slip op. at 12). We dismiss Ocwen's appeals for lack of appellate jurisdiction.

## B.

The Marinos appeal from the BAP's denial of their motion for attorney's fees incurred defending against the appeal before the BAP. Unlike Ocwen's appeals, the Marinos' appeal only raises the frivolousness of Ocwen's appeal to the BAP, an issue that is both final and discrete. We have jurisdiction over the Marinos' appeal and review it for abuse of discretion. *See Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 861 (9th Cir. 2004) (citing *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1005 (9th Cir. 2002)).

The Marinos point to three sources that they believe entitle them to attorney's fees: (1) Federal Rule of Appellate Procedure 38,[2] (2) the attorney's fees provision in the deed of trust with Ocwen, and (3) section 105(a) of the Bankruptcy Code. We address each purported basis for an award of attorney's fees in turn.

First, under Federal Rule of Appellate Procedure 38, we may award damages and single or double costs to an appellee if we determine that an appeal is frivolous. *See* Fed. R. App. P. 38. "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990) (per

---

[2] More precisely, the BAP may award just damages and single or double costs to an appellee as a sanction for a frivolous appeal from a bankruptcy court's judgment under Federal Rule of Bankruptcy Procedure 8020(a). The standard applied is the same as under Federal Rule of Appellate Procedure 38.

curiam) (citing *Wilcox v. C.I.R.*, 848 F.2d 1007, 1009 (9th Cir. 1988)).  The BAP did not clearly err in finding that the appeal was not frivolous and did not abuse its discretion by declining to sanction Ocwen under Rule 38.  The Marinos are not entitled to attorney's fees under Rule 38.

Second, the attorney's fees provision in the Marino's deed of trust with Ocwen only allows Ocwen to receive attorney's fees for "a legal proceeding that might significantly affect [its] interest in the Property and/or rights under [the deed]," including bankruptcy.  That provision is reciprocal pursuant to California Civil Code Section 1717(a) when either party seeks to enforce or avoid enforcement of the deed.  *See In re Penrod*, 802 F.3d 1084, 1088 (9th Cir. 2015) (citations omitted).

The BAP did not err in concluding that the deed of trust did not entitle the Marinos to appellate attorney's fees.  The Marinos seek to enforce the discharge injunction, not the deed of trust.  Accordingly, we will not award fees under the deed of trust.

Third, and finally, the Marinos argue that they should be awarded attorney's fees under section 105(a) of the Bankruptcy Code.  But that would require us to overturn our decision, *In re Del Mission Ltd.*, 98 F.3d 1147 (9th Cir. 1996), in which we held that section 105(a) does not authorize an award of attorney's fees.  *See id.* at 1153–54. We cannot do so.  *See United States v. Belgarde*, 300 F.3d 1177, 1181 (9th Cir. 2002) ("[A] panel not sitting *en banc* has no authority to overturn Ninth Circuit precedent[.]"). The Marinos are not entitled to appellate attorney's fees under section 105(a).

### III.

We dismiss Ocwen's appeals for lack of appellate jurisdiction.[3]   However, we have jurisdiction over the Marinos' appeal and affirm the BAP's conclusion that they were not entitled to attorney's fees for their appeal to the BAP.

**AFFIRMED IN PART, DISMISSED FOR LACK OF JURISDICTION IN PART.**

---

[3] The Marinos filed motions to strike and supplements to these motions in each of Ocwen's pending appeals.  Because we dismiss Ocwen's appeals for lack of jurisdiction, we decline to reach the Marinos' motions to strike and deny them without prejudice.