**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CLIFFORD ALLEN BRACE, Jr., | No. 19-60004 |
| Debtor, | BAP No. 18-1172 |
| ------------------------------ | |
| CLIFFORD ALLEN BRACE, Jr., | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| STEVEN M. SPEIER, Chapter 7 Trustee, | |
| Appellee. | |

| | |
|---|---|
| In re: CLIFFORD ALLEN BRACE, Jr., | No. 19-60008 |
| Debtor, | BAP No. 18-1172 |
| ------------------------------ | |
| STEVEN M. SPEIER, Chapter 7 Trustee, | |
| Appellant, | |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CLIFFORD ALLEN BRACE, Jr.,

Appellee

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Spraker, and Taylor, Bankruptcy Judges, Presiding

Submitted April 14, 2020[**]
Pasadena, California

Before:  THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit Judges.

Chapter 7 debtor Clifford Allen Brace, Jr. appeals pro se from the Bankruptcy Appellate Panel's ("BAP's") decision vacating and remanding in part the bankruptcy court's June 19, 2018, order finding Brace in contempt, determining violations of the automatic stay, and ordering sanctions.  Chapter 7 trustee Steven M. Speier cross-appeals from the BAP's denial of his motion to dismiss Brace's appeal.

We must consider jurisdiction *sua sponte*.  *Greene v. United States (In re Souza)*, 795 F.2d 855, 857 n.1 (9th Cir. 1986).  We dismiss the appeal and cross-appeal for lack of jurisdiction.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.      In this case, the BAP remanded to the bankruptcy court to make additional findings and explain its conclusions regarding the basis for and amount of the $5,000 sanction award and to set forth the exact steps Brace must take to purge his contempt and avoid incarceration.  "[A]n order from the BAP is not final if it 'remands for factual determinations on a central issue.'"  *Ocwen Loan Servicing v. Marino (In re Marino)*, 949 F.3d 483, 487 (9th Cir. 2020) (quoting *Gugliuzza v. FTC (In re Gugliuzza)*, 852 F.3d 884, 895 (9th Cir. 2017)); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, __ U.S. __, 140 S. Ct. 582, 586, 594 (2020) ("Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case" and "leave nothing more for the Bankruptcy Court to do in that proceeding").  "We have departed from this rule only when the BAP remands for 'purely mechanical or computational task[s] such that the proceedings on remand are highly unlikely to generate a new appeal.'"  *In re Marino*, 949 F.3d at 487 (alteration in original) (quoting *Sahagun v. Landmark Fence Co., In. (In re Landmark Fence Co., Inc.)*, 801 F.3d 1099, 1103 (9th Cir. 2015)).  Because those factors are not present here, we lack appellate jurisdiction over the appeal and must dismiss it.

2.      Speier's cross-appeal similarly must be dismissed for lack of jurisdiction.  The denial of a motion to dismiss is not a final order.  *Farber v. 405*

3

*N. Bedford Dr. Corp. (In re 405 N. Bedford Dr. Corp.)*, 778 F.2d 1374, 1379 (9th Cir. 1985) (concluding that appellate court lacked jurisdiction over an appeal from a bankruptcy court's denial of a motion to dismiss debtor's petition for bad faith filing). We have permitted an appeal from a BAP order when it "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re Gugliuzza*, 852 F.3d at 894 (quoting *Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1126 (9th Cir. 2016)). Neither factor is present here. Thus, we lack appellate jurisdiction and must dismiss the cross-appeal.

3. We need not, and do not, reach any other issue on appeal. Each party shall bear its own costs.

**DISMISSED.**