**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10146 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00146-AWI-BAM-1 |
| v. | |
| ROBERT ARON SPRENKLE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted January 19, 2022[**]

Before: SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Robert Aron Sprenkle appeals pro se from the district court's denial of

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.[1]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Sprenkle's request for oral argument is denied.

[1] The order to show cause issued on November 30, 2021, is discharged.

As an initial matter, the government is correct that, because Sprenkle waited nearly three months to file his motion for reconsideration, his appeal is timely only as to the district court's order denying his motion for reconsideration. *See United States v. Belgarde*, 300 F.3d 1177, 1180 (9th Cir. 2002) (motion for reconsideration tolls the time to appeal the underlying order only if it is filed within the time for appeal). However, even if Sprenkle's appeal were timely as to both orders, he has not shown that the district court abused its discretion in denying relief. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (denial of compassionate release is reviewed for abuse of discretion); *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (denial of motion for reconsideration is reviewed for abuse of discretion). Contrary to Sprenkle's argument, nothing in the court's orders indicates that it gave any consideration to U.S.S.G. § 1B1.13. Moreover, the court reasonably concluded that, because the protocols in Sprenkle's prison had reduced the number of COVID-19 infections to zero, Sprenkle had failed to show extraordinary and compelling reasons for release. Finally, the record belies Sprenkle's assertion that he offered new evidence justifying reconsideration.

Sprenkle's motion to supplement the record is denied.

**AFFIRMED.**