FILED

OCT 18 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>SOUTHERN CALIFORNIA RESEARCH,<br>LLC; DARRELL MAAG,<br>　　　　　　　Debtors. | BAP No. CC-22-1055-TSG<br><br>Bk. No. 9:22-bk-10022-DS |
| SOUTHWESTERN RESEARCH, INC.,<br>　　　　　　　Appellant,<br>v.<br>SOUTHERN CALIFORNIA RESEARCH,<br>LLC; DARRELL MAAG,<br>　　　　　　　Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Deborah J. Saltzman, Bankruptcy Judge, Presiding

Before: TAYLOR, SPRAKER, and GAN, Bankruptcy Judges.

## INTRODUCTION

Almost immediately after initiation of these chapter 11[1] cases,

appellant Southwestern Research, Inc. ("Southwestern") filed a motion

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

seeking either conversion to chapter 7 or appointment of a chapter 11 trustee. It relied not on postpetition conduct but on prepetition actions, alleged bad faith, and allegations that reorganization was an impossibility. The bankruptcy court denied the motion.

Southwestern appealed. Its principal concern was the bankruptcy court's alleged failure to rely on prepetition misconduct in its ruling.

We determine that the order on appeal is not final; thus, we lack jurisdiction and must dismiss absent a determination that an interlocutory appeal is appropriate. As we are confident that the bankruptcy court found the evidence of prepetition conduct insufficient in isolation – not irrelevant or inappropriate for consideration in connection with a similar motion filed later in this case – interlocutory appeal is not warranted.

As a result, we DISMISS this appeal for lack of jurisdiction.

## FACTS

Prepetition Southwestern obtained substantial default judgments against Debtors Darrell Maag and Southern California Research LLC ("SCR") (collectively the "Debtors"). The default judgments followed terminating sanctions and included punitive damage awards and imposition of an equitable lien on real property owned by Mr. Maag. The trial court findings included a determination of negligent and intentional breach of fiduciary duty by Debtors.

Debtors appealed, failed to provide a bond, and faced aggressive collection activities. Chapter 11 petitions followed, and, according to

Southwestern, fraudulent transfers and preferential payments to insiders occurred pre-bankruptcy.

Approximately three weeks after the petition date, Southwestern filed its motion seeking conversion of Debtors' cases to chapter 7 or appointment of a chapter 11 trustee (the "Motion"). Southwestern argued that: (1) both cases were "essentially single-creditor cases which were filed in bad faith [as a litigation tactic] to obtain a [stay pending appeal];" (2) Mr. Magg's prepetiton misconduct in the state court litigation was cause to convert both cases; (3) SCR is not profitable and has no reorganization in prospect; (4) since Southwestern will never agree to any plan, Debtors cannot confirm a plan; and (5) Mr. Maag's prepetition conduct establishes that he will not comply with his fiduciary duties. It also noted that these assertions justified appointment of a chapter 11 trustee.

The Debtors argued that the Motion was premature and alleged: (1) the need for a breathing spell given aggressive collection efforts and the impact of the pandemic; (2) their financial inability to obtain the required $40 million appellate bond; (3) the lack of negative postpetition SCR cash flow or a decline in asset value; and (4) the irrelevance of Debtors' prepetition conduct.

At the hearing, the bankruptcy court discussed the relevant § 1112(b) factors and the various cases cited by both sides and denied the Motion. The bankruptcy court commented:

....we are at the beginning of these Chapter 11 cases, I don't see that the factors weigh in support of a finding of bad faith. You know, these aren't single-asset cases. You know, how these factors are applicable here. We don't have a lack of employees. You know, certainly there are issues of conduct by Mr. Maag, but that alone, I think, does not support a finding of bad faith that would justify a conversion or appointment of a trustee at this stage, certainly without any record as to postpetition conduct.

This isn't a new debtor syndrome case and I don't see that this is a -- you know, a leap of foreclosure type of situation that the case law would use in its definition of bad faith here. So I don't [think] the record supports the finding of bad faith, but I don't think prepetition conduct would be a basis for granting this relief and I don't think that appointment of a trustee would be appropriate here either.

Southwestern timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). Subject to the discussion below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Is the order on appeal, which denies conversion or appointment of a trustee (the "Order"), final?

If the Order is interlocutory, is leave to appeal appropriate?

## DISCUSSION

### A. The Order is not final.

Debtors assert that the Order is not final and that this appeal must be dismissed. We agree.

Finality is a requirement for bankruptcy appellate jurisdiction. *Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 961 (9th Cir. 2018). Typically, it exists when the decision on appeal ends a dispute on the merits and leaves nothing for the trial court to do but execute the judgment. *Gugliuzza v. FTC (In re Gugliuzza)*, 852 F.3d 884, 890 (9th Cir. 2017) (citations omitted). But a determination of finality in the often convoluted decisional path of bankruptcy proceedings isn't always easy. Thus, the Ninth Circuit recognizes that some interim determinations during the course of a bankruptcy case are sufficiently final to allow appellate review, and it uses a "pragmatic or flexible" approach to make finality decisions. *See Dunkley v. Rega Props., Ltd. (In re Rega Props., Ltd.)*, 894 F.2d 1136, 1138 (9th Cir. 1990). Thus, finality requires that a decision: (1) fully and finally determine the discrete issue or issues it presented; and (2) resolve discrete issues seriously affecting substantive rights. *See Eden Place, LLC v. Perl (in re Perl)*, 811 F.3d 1120, 1126 (9th Cir. 2016). Put another way, an order is final and appealable if it "alters the status quo and fixes the rights and obligations of the parties . . . [or] alters the legal relationships among the parties." *Ocwen Loan Servicing LLC, v. Marino (In re Marino)*, 949 F.3d 483, 487 (9th Cir. 2020) (internal citation omitted).

Southwestern argues that *Ritzen Group, Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 587 (2020), requires a determination that this order is final. We disagree. *Ritzen* involved an order denying stay relief to allow litigation to proceed in state court. The Supreme Court found that this order substantially affected the rights of the parties because it determined on a final basis where the litigation would proceed. The Supreme Court cited *Bullard v. Blue Hills Bank,* 575 U.S. 496, 501 (2015), and noted that orders in bankruptcy cases qualify as final when they definitively dispose of discrete disputes within the overarching case. *Ritzen* 140 S. Ct. at 586. Thus, the decision was final because it was anterior to, and separate from, the underlying merits determination, decided a critical issue, and was incapable of later revisitation by the federal courts through appellate review or otherwise. *Id.* at 589. The analysis in *Ritzen* does not support that the Order is final.

Here, the Motion did not begin a discreet proceeding before and apart from the bankruptcy cases. And it did not end the litigation on the merits and leave nothing for the court to do but execute the judgment. The Debtors' bankruptcy cases will proceed, and § 1112(b) will continue to apply. Indeed, Southwestern's counsel admitted at oral argument that it could file a second motion to convert the cases at any time; conversion or appointment of a trustee are not foreclosed by the Order.

Further, the Order does not seriously affect any parties' substantive rights. Southwestern remains a creditor with all of its rights including the

right to seek conversion or appointment of a chapter 11 trustee in the future. Nothing about the Motion's denial permanently alters the status quo in the cases or fixes or changes any rights or obligations of the parties. The impact on rights seen in *Ritzen* is not extant here.

Our determination on finality is also consistent with the Ninth Circuit's analogous determination that denial of a motion to dismiss a chapter 9 case as an alleged bad faith filing was not final. *See Silver Sage Partners v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782 (9th Cir. 2003). There, the Ninth Circuit emphasized: "the denial of Silver Sage's initial objection to the bankruptcy does not resolve the issue of bad faith in such a way that the bankruptcy court may not later dismiss the petition." *Id.* at 790.

Southwestern asserts that the order is final because it must now participate in the Debtors' ongoing cases and incur the cost of doing so. But as the Ninth Circuit noted in *Desert Hot Springs*, the requirement of participation in the bankruptcy process is not the type of damage that supports a finality determination; creditors are always subject to the risk that debtors will file for bankruptcy. *Id.* at 791.

Finally, Southwestern asserts that the Order seriously affects its substantive rights because: "the [D]ebtors' extensive prepetition bad faith conduct has been rendered irrelevant and may not be considered by the bankruptcy court." The record does not support this conclusion; the bankruptcy court specifically noted that Mr. Maag's prepetition conduct

was concerning but that it was not sufficient **by itself** to establish bad faith at this early time in the cases. And Debtors conceded at oral argument that prepetition conduct may be considered if Southwestern files another motion to dismiss.

Here the Order is not final.

**B.     Interlocutory appeal is not appropriate.**

Southwestern also requests that the Panel grant leave to appeal if the Order is interlocutory. We decline this request.

The Panel may consider a timely notice of appeal to be a motion for leave to appeal. Rule 8003(c); *Belli v. Tempkin, (In re Belli),* 268 B.R. 851, 858 (9th Cir. BAP 2001). Such leave is appropriate where: (1) there is a controlling question of law; (2) as to which a substantial ground for a difference of opinion exists; and (3) an immediate appeal could materially advance the ultimate termination of the litigation. *See Arizona v. Ideal Basic Indus. (In re Cement Antitr. Litig),* 673 F.2d 1020, 1026 (9th Cir. 1981); s*ee also, Travers v. Dragul (In re Travers),* 202 B.R. 624, 626 (9th Cir. BAP 1996). The Panel may also consider whether denying leave to appeal will result in wasted litigation and expense. *See, e.g., Roderick v. Levy (In re Roderick Timber Co.),* 185 B.R. 601, 604 (9th Cir. BAP 1995). But, leave for appellate review of an interlocutory order is granted sparingly, under exceptional circumstances. *See, Lear Siegler, Inc. v. Adkins,* 330 F.2d 595, 598 (9th Cir. 1964).

8

Southwestern argues that the controlling question of law is whether the bankruptcy court can consider prepetition misconduct as grounds for conversion or appointment of a trustee. But as noted, we conclude that the bankruptcy court did not rule as Southwestern fears. Instead, it noted Mr. Maag's conduct, considered other factors supporting denial of the Motion, and determined that it would not convert the cases or appoint a trustee based on that conduct alone. The record does not support that the bankruptcy court erroneously concluded that prepetition conduct is irrelevant. So, no issue supporting interlocutory review exists.

Nor has Southwestern explained what the substantial ground for difference of opinion might be. Debtors' counsel conceded at oral argument that prepetition conduct could be considered by the bankruptcy court in determining a later motion to convert or appoint a trustee.

Finally interlocutory appeal will not necessarily materially advance the cases. It won't do so if Southwestern loses on appeal. And during the pendency of any appeal, Southwestern may bring a later successful motion to convert or appoint a trustee or the Debtors may confirm plans. In either case, the appeal becomes a nullity.

Interlocutory appeal is not appropriate here.

## CONCLUSION

Based on the foregoing, this appeal is DISMISSED.