**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 2 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Appellee,<br><br>v.<br><br>PABLO FRANCO,<br><br>Appellant. | No. 24-6759<br><br>D.C. No.<br>3:12-cr-00236-JO-3<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Argued and Submitted May 20, 2026
Pasadena, California

Before: N.R. SMITH, BENNETT, and MENDOZA, Circuit Judges.

On September 30, 2024, the district court granted Pablo Franco's motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), holding that his youth

at the time of the offense and his rehabilitation while in custody warranted release.

The next day, the government filed a motion for reconsideration. On October 23,

2024, the district court granted the reconsideration motion and reimposed the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

original sentence. Franco appeals from the reconsideration order. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court had inherent authority to adjudicate the reconsideration motion, which was filed within the time for appeal. *See United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) (noting that courts generally have "inherent authority" to decide motions for reconsideration in criminal proceedings); *United States v. Belgarde*, 300 F.3d 1177, 1180 (9th Cir. 2002) (providing that reconsideration motion is "timely if it is filed within the time for appeal"). Because compassionate release is neither a sentencing nor a resentencing, 18 U.S.C. § 3582(c)(1)(B) is inapplicable and did not limit the district court's authority to reconsider its order. *See United States v. Bryant*, 144 F.4th 1119, 1128 (9th Cir. 2025) ("[C]ompassionate release is not sentencing or resentencing."); *Dillon v. United States*, 560 U.S. 817, 830 (2010) (noting "fundamental differences between sentencing and sentence-modification proceedings").

We affirm the reconsideration order, because the district court legally erred by granting compassionate release based on Franco's youth and rehabilitation. Youth and rehabilitation do not constitute "extraordinary and compelling" grounds for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); 28 U.S.C. § 994(t); *Bryant*, 144 F.4th at 1126–28. Nor do they constitute "extraordinary and

compelling" grounds when considered together, as they are not "similar in gravity" to the enumerated grounds in § 1B1.13 of the Sentencing Guidelines. *See* U.S.S.G. § 1B1.13(b)(5); *Bryant*, 144 F.4th at 1126. Although the district court did not grant the reconsideration motion on these grounds, we "can affirm 'on any ground supported by the record.'" *Bryant*, 144 F.4th at 1129 (quoting *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003)).[1]

**AFFIRMED.**

---

[1] We therefore do not address the reasoning in the district court's reconsideration decision.